1  William M. Audet (CA State Bar #117456)
waudet@audetlaw.com
2  Adel Nadji (CA State Bar #232599)
anadji@audetlaw.com
3  Jonas P. Mann (CA State Bar #263314)
jmann@audetlaw.com
4  AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
5  San Francisco CA 94105
Telephone: 415.568.2555
6  Facsimile: 415.568.2556

7  Gary E. Mason
Donna F. Solen
8  MASON LLP
1625 Massachusetts Ave., NW
9  Ste. 605
Washington, DC 20036
10  Phone: (202) 429-2290
Fax:    (202) 429-2294
11  Email: gmason@masolawdc.com

12  *Attorneys for Plaintiffs
and the Proposed Class*

13

14              THE UNITED STATES DISTRICT COURT

15          FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                   SAN JOSE DIVISION

17

18  EVA HIBNICK, individually and          )  Case No.:
    on behalf of all others similarly situated,  )
19                                          )  **CLASS ACTION COMPLAINT**
                   Plaintiff,               )
20                                          )  **DEMAND FOR JURY TRIAL**
           vs.                              )
21                                          )
    GOOGLE INC.,                            )
22                                          )
                   Defendant                )
23                                          )

24

25        Plaintiff, EVA HIBNICK ("Plaintiff"), by and through her attorneys, allege on personal

26  knowledge as to all facts related to herself and on information and belief as to all other matters,

27  which are based upon, among other things, the investigation made by Plaintiff through her

28  counsel and personal knowledge, as follows:

*Audet &
Partners,
LLP*

                              1

**PRELIMINARY STATEMENT**

1.     This is a class action lawsuit, brought by, and on behalf of, a nationwide class of individuals whose privacy rights were violated by the actions of Google Inc. ("Google") through its Google Buzz program.

2.     Google automatically added the Google Buzz service to the accounts of all users of Google's "Gmail" service.

3.     Google Buzz made private data belonging to Gmail users publicly available without the users' knowledge or authorization.  This information included some or all of the following: personal contact information, place of residence, occupation, and a list of the users' frequent email contacts.

4.     When launching its Buzz service, Google failed to provide users with clear information detailing the nature of the new service, including the automatic application of the Buzz program and its provisions for default disclosure of personal information.

5.     Google failed to provide users with a meaningful opportunity to opt out of the Buzz service before sharing their data publicly.

6.     Google has publicly admitted that its Buzz program presents privacy concerns, and Google has made several waves of modifications to the program.  However, Google's modifications do not go far enough to address the problem.  Furthermore, Google's actions have already caused damage because the Buzz program disclosed private user information the moment Google launched the service.  The bell of breached privacy cannot be un-rung.

7.     Google's public disclosure of private user data violates users' rights under the Federal Electronic Communications Privacy Act, the Federal Computer Fraud and Abuse Act, the Federal Stored Communications Act, and California common and statutory law.

**JURISDICTION AND VENUE**

8.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for deprivation of rights guaranteed under the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*  This Court also has jurisdiction pursuant to 28 U.S.C. §

*Audet &
Partners,
LLP*

2
CLASS ACTION COMPLAINT

1   1367(a) over Plaintiff's state statutory and common law claims. Jurisdiction is also founded

2   upon 28 U.S.C. §1332(d) in that this is a putative class action with more than 100 class members,

3   more than $5 million in controversy, and minimal diversity of citizenship.

4        9.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b) and (c). A substantial

5   portion of the events and conduct giving rise to the violations alleged in this complaint occurred

6   in this District. Defendant Google resides here as it maintains its principle office and

7   headquarters in this District.

8                                       **PARTIES**

9        10.     Plaintiff Eva Hibnick is a user of Google's "Gmail" email service. She is a

10  citizen of Sarasota County, State of Florida. Google automatically activated the Buzz program

11  on Plaintiff's account, as a result of which Buzz broadcast Plaintiff's personal information to

12  other Gmail users and/or made this information publicly viewable on the Internet.

13       11.     Defendant Google Inc. is a Delaware corporation headquartered at 1600

14  Amphitheatre Parkway, Mountain View, CA 94043. Google provides a variety of internet-

15  related services, including email service through its "Gmail" program. Google does business

16  throughout the United States, and in particular, does business in the State of California and in

17  this district.

18                          **STATEMENT OF COMMON FACTS**

19       12.     Google launched the Google Buzz program on or about Tuesday, February 9,

20  2010. Google Buzz enables users of Google's "Gmail" service to share written posts, photos,

21  hyperlinks, and other information with other Gmail users. Buzz is Google's attempt to compete

22  with social networking programs such as Facebook and Twitter.

23       13.     To jump-start that competition, Google, without any authorization by Gmail

24  users, automatically added Google Buzz to the accounts of all Gmail users.

25       14.     When Buzz was first rolled out on February 9, Gmail users who accessed their

26  mail accounts were initially given two options: (1) set up Google Buzz; or (2) continue to Gmail

27  inbox. Regardless of which option the user chose, Google automatically activated the Buzz

28  program on that user's Gmail account. Option (2) therefore deceptively implied that by selecting

*Audet &*
*Partners,*
*LLP*

3
CLASS ACTION COMPLAINT

1    it, and not the "set up Google Buzz" option, the user was not activating Buzz -- but in fact

2    Google activated Buzz even if the user did not elect to "set up" the program.

3        15.     Google Buzz automatically created a list of "followers" for each Gmail user.

4        16.     Google Buzz also automatically created a list of persons whom the user was

5    automatically "following."

6        17.     Google Buzz "posted" to Buzz any information that was previously posted to

7    certain other Google websites, including but not limited to Picasa, Google Reader, and Twitter.

8        18.     Google created the "follower" and "following" lists by using an algorithm that

9    selected those email contacts with whom a Gmail user communicated most frequently.  This

10    meant that Google shared information about a Gmail user with the users' frequent email contacts.

11    By contrast, a social networking program such as Facebook shares information with "Friends"

12    only after both parties have agreed to become Friends.  An individual's email contacts may be a

13    different group of people (for example, professional contacts) than the group with whom a user

14    would want to be in a social network.  By implementing the Buzz program, Google forced upon

15    its Gmail users Google's own definition of a proper social network, all in an effort to jump-start

16    Google's entry into a new consumer market.

17        19.     When Google automatically activated Google Buzz in a user's Gmail account,

18    Google's unilateral actions had significant privacy consequences, including but not limited to:

19             *    the "following" and "follower" lists of each user were made

20                 publicly available on the web;

21             *    the "following" and "follower" lists of each user were made available to persons following that user;

22             *    followers could view any information posted on Buzz by someone they were following;

23

24             *    for Gmail users who have created a "Google profile," the contents of the profile became visible to all persons who are "following" the user.  A user's Google profile may contain information such as the user's occupation, place of residence, and contact information; and

25

26

27             *    for Gmail users who have created a "Google profile," the "following" and "follower" lists of the user became visible to all persons who are "following" the user, and were made publicly available to be searched and viewed by any person on the Internet.

28

Audet &
Partners,
LLP

4

CLASS ACTION COMPLAINT

20.     Google's own privacy policy confirms these points:

> When you first enter Google Buzz, to make the startup experience easier, we may automatically select people for you to follow based on the people you email and chat with most. Similarly, we may also suggest to others that they automatically follow you . . . Your name, photo, and the list of people you follow and people following you will be displayed on your Google profile, which is publicly searchable on the Web.

Google Buzz Privacy Policy, February 11, 2010, available at http://www.google.com/buzz/help/intl/en/privacy.html.

21.     The procedures by which Gmail users could opt-out of Buzz were either unavailable or difficult to understand and execute.

22.     Google's automatic sharing of user contact information, profile information, and postings had the effect of revealing to the public confidential and sometimes highly sensitive information.  This means that, for example, the names of a doctor's patients or a lawyer's clients were made public in contravention of the privileges that attach to those relationships.  Private contacts - for instance, the contacts of a gay person who was struggling to come out of the closet and had contacted a gay support group - could be revealed to the world.  Sensitive personal information might be viewed exposed to an employer, or an ex-spouse.

23.     This parade of horribles was more than hypothetical.  The media reported the following exemplary accounts:

> *     A woman whose contact information was made available to her abusive ex boyfriend because Google Buzz automatically selected him as one of her "followers" in Google Buzz. *See* Miguel Helft, *Critics Say Google Invades Privacy With a New Service*, N.Y. Times, February 13, 2010.

> *     Lawyers and journalists concerned that Google Buzz might reveal confidential client and contact lists. Don Cruse, *Lawyers (or journalists) with Gmail Accounts: Careful with the Google Buzz*, February 11, 2010, available at http://www.scotxblog.com/legal-tech/lawyer-privacy-on-google-buzz.

> *     A political commentator concerned that authoritarian governments might "check on Google Buzz accounts for political activists and see if they have any connections that were previously unknown to the government." Evgeny Morozov, *Wrong Kind of Buzz Around Google Buzz*, February

CLASS ACTION COMPLAINT

Audet &
Partners,
LLP

1    11, 2010, available at
     http://neteffect.foreignpolicy.com/posts/2010/02/11/
2    wrong_kind_of_buzz_around_google_buzz.

3    24.    A Google spokesperson confirmed to one blogger that Buzz automatically makes

4    public user contact lists:

5          [B]efore you change any settings in Google Buzz, someone could
           go into your profile and see the people you email and chat with
6          most.

7          A Google spokesperson asked us to phrase this claim differently.
           Like this: "In other words, after you create your profile in Buzz, if
8          you don't edit any of the default settings, someone could visit your
           profile and see the people you email and chat with most (provided
9          you didn't edit this list during profile creation)."

10   Nicholas Carson, *WARNING: Google Buzz has Huge Privacy Flaw*, February 10, 2010, available

11   at http://www.businessinsider.com/warning-google-buzz-has-a-huge-privacy-flaw-2010-2.

12   **Google Admits to Privacy Problems with Buzz**

13   25.    On Thursday, February 11, 2010, Google reacted to the stream of negative press

14   and blog postings by changing some of the default settings in Google Buzz.

15   26.    Also on February 11, Google issued an official blog posting in which the

16   company admitted that many users had concerns that Buzz violated their privacy.  Todd Jackson,

17   Millions of Buzz Users, and Improvements Based on Your Feedback, February 11, 2010,

18   available at http://gmailblog.blogspot.com/.

19   27.    Despite ongoing modifications, Google has not sufficiently altered the Buzz

20   program to remedy the ongoing privacy violations caused by Buzz.  For example, the

21   information sharing features of the Buzz program continue to operate unless the user

22   affirmatively opts out of these features.

23   28.    Google's official Privacy Policy assures customers that, because "[p]eople have

24   different privacy concerns and needs. . . Google strives to offer [its users] meaningful and fine-

25   grained choices over the use of their personal information."  Google Privacy Policy,

26   http://www.google.com/privacy.html.

27   29.    By automatically sharing user information without user authorization or

28   knowledge, Google Buzz does precisely the opposite.  Far from granting its customers a fine-

*Audet &
Partners,
LLP*

CLASS ACTION COMPLAINT

1    grained set of controls by which users can control the use of their personal data, the Google Buzz

2    program is an indiscriminate bludgeon, forcing all Gmail users to share their personal data in a

3    public forum without their consent or knowledge.

4                                       **CLASS ALLEGATIONS**

5           30.    Plaintiff brings this complaint on behalf of herself and the class of all Gmail users

6    in the United States to whose accounts Google added the Buzz program.

7           31.    The members of the putative class are so numerous that joinder of individual

8    claims is impracticable.  In January of 2009, Gmail had 31.2 million users in the United States.

9    Anthony Ha, Zimbra Tops 40M Paid Users: More Popular Than Gmail?, March 5, 2009,

10   available at http://venturebeat.com/2009/03/05/zimbra-tops-40m-paid-users-more-popular-than-

11   gmail/.  Google automatically added the Buzz program to most or all of these accounts.

12          32.    There are significant questions of fact and law common to the members of the

13   class. These issues include: whether the Google Buzz program publicly shared user information

14   and if so, what user information Google shared and how; whether Google failed to provide

15   adequate information and opt out procedures for its Gmail users; whether by committing these

16   acts and omissions Google violated federal and state laws; and whether class members are

17   entitled to injunctive, declarative and monetary relief as a result of Google's conduct.

18          33.    Plaintiff's claims are typical of the claims of the putative class. Plaintiff and all

19   members of the putative class have been adversely affected and damaged in that Google publicly

20   shared their private information without the class members' knowledge or consent.

21          34.    The proposed class representative will fairly and adequately represent the putative

22   class because she has the class members' interest in mind, her individual claims are co-extensive

23   with those of the class, and because she is represented by qualified counsel experienced in class

24   action litigation of this nature.

25          35.    A class action in this instance is superior to other available methods for the fair

26   and efficient adjudication of these claims because individual joinder of the claims of all members

27   of the putative class is impracticable.  Many members of the class are without the financial

28   resources necessary to pursue this matter.  Even if some members of the class could afford to

*Audet &*
*Partners,*
*LLP*

CLASS ACTION COMPLAINT

litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed.  Individual litigation increases the time and expense of resolving a common dispute concerning Google's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economy of scale and comprehensive supervision over the entire controversy by a single court.

36.     The putative class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Google has acted on grounds generally applicable to the putative class, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the class.

37.     The putative class may be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to class members will predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

## COUNT ONE

### (Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*)

38.     Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 37 above.

39.     By engaging in the forgoing acts and omissions, Defendant Google intentionally and without authorization divulged electronic communications in violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*

40.     Plaintiff seeks declaratory, injunctive and monetary relief as provided for by the Electronic Communications Privacy Act for herself and on behalf of the class.

## COUNT TWO

### (Stored Communications Act, 18 U.S.C. § 2701 *et seq.*)

41.     Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 40 above.

*Audet & Partners. LLP*

8
CLASS ACTION COMPLAINT

42.     By engaging in the forgoing acts and omissions, Defendant Google exceeded its authorization to access and control the private information of Plaintiff and all class members, and/or knowingly divulged the electronic communications of Plaintiff and all class members, in violation of Stored Communications Act, 18 U.S.C. § 2701 *et seq.*

43.     Plaintiff seeks declaratory, injunctive and monetary relief as provided for by the Stored Communications Act for herself and on behalf of the class.

### COUNT THREE

### (Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*)

44.     Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 43 above.

45.     By engaging in the forgoing acts and omissions, Defendant Google intentionally accessed a protected computer without authorization and/or knowingly caused the transmission of information resulting in a loss to one or more persons in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

46.     Plaintiff seeks declaratory, injunctive and monetary relief as provided for by the Computer Fraud and Abuse Act for herself and on behalf of the class.

### COUNT FOUR

### (Public Disclosure Tort)

47.     Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 46 above.

48.     By engaging in the forgoing acts and omissions, Defendant Google committed the common law tort of Public Disclosure of Private Facts as recognized by California common law. The Google Buzz program resulted in the public disclosure of private facts which would be offensive and objectionable to a reasonable person, and which facts are not of legitimate public concern.  See *Shulman v. Group W Prods., Inc.*, 955 P.2d 469, 478 (Cal. 1998).

Audet &
Partners,
LLP

CLASS ACTION COMPLAINT

## COUNT FIVE

**(Violation of California**

**Business & Professions Code §17200)**

49.     Plaintiff repeats and reaffirms the assertions of fact contained in paragraphs 1 through 48 above.

50.     Commencing on or about Tuesday, February 9, 2010, and continuing to the present, Google has engaged in, is engaged in, and proposes to engage in unfair competition, as that term is defined in the California Unfair Competition Law, California Business & Professions Code ("UCL") § 17200.

51.     As used in this Complaint and in § 17200, "unfair competition" means (1) an unlawful, unfair or fraudulent business act or practice; (2) unfair, deceptive, untrue or misleading advertising; and/or (3) an act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.  This conduct is actionable pursuant to UCL §§ 17200, 17203.

52.     An Unfair Competition Law civil action may be predicated on unfair, deceptive, untrue or misleading advertising and/or any act prohibited by Cal. Bus. & Prof. Code § 17500-17581.

53.     Defendant has engaged in unfair, unlawful and fraudulent business practices, as alleged herein, and thereby deprived the Plaintiff and the class of rights and privileges and privacies and statutory rights and protections.  If not enjoined by this Court, Plaintiff and the class will continue to suffer irreparable harm as consequence of Defendant's actions.

54.     As a direct and indirect result of Defendant's violations, Plaintiff and the class have been injured and suffered damages.

55.     Among other relief, Plaintiff seeks to enjoin Google from continuing to use the unfair and deceptive practices set forth herein.  Plaintiff further seeks damages, plus interest and attorney's fees pursuant to the California Code of Civil Procedure § 1021.5.

*Audet &*
*Partners,*
*LLP*

10
CLASS ACTION COMPLAINT

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff, on behalf of herself and all others similarly situated, hereby demands judgment against Defendant Google as follows:

a.  For an order certifying the Class proposed herein and appointing Plaintiff and her counsel to represent the Class;

b.  For a declaration that Google's acts and omissions constitute a knowing and unauthorized invasion of its users' privacy rights in violation of the laws of the United States and the State of California;

c.  For preliminary and permanent injunctive relief enjoining and preventing Google from continuing to operate its Buzz program without appropriate safeguards, default provisions and opt-in mechanisms to ensure that the private data of its users is not improperly disclosed or transmitted in the future;

d.  For an award of damages, including without limitation damages for actual harm, profits made by Google in the operation of its Buzz program, and statutory damages where applicable;

e.  For an award of reasonable attorneys' fees and costs incurred by Plaintiff and the members of the putative class in prosecuting this matter; and

f.  For an award of such other relief in law and equity to which Plaintiff and the members of the putative class may be entitled.

DATED: February 17, 2010                    AUDET & PARTNERS, LLP

By: _____
William M. Audet (SB#117456)
Adel A. Nadji (SB# 232599)
Jonas P. Mann (SB# 263314)
221 Main Street, Suite 1460
San Francisco, California 94105
Phone: 415.568.2555
Fax:    415.568.2556
Email: waudet@audetlaw.com

*Audet &
Partners,
LLP*

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

Gary E. Mason
Donna F. Solen
MASON LLP
1625 Massachusetts Ave., NW
Ste. 605
Washington, DC 20036
Phone: (202) 429-2290
Fax:    (202) 429-2294
Email: gmason@masolawdc.com

*Attorneys for Plaintiffs
and the Proposed Class*

Of Counsel:
William Rubenstein
1545 Massachusetts Avenue
Cambridge, MA 02138
ph.: 617.496.7320

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Audet &
Partners,
LLP

12
CLASS ACTION COMPLAINT