IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Eva Hibnick, et al., _____/ Barry Feldman, _____/ Rochelle Williams,         Plaintiffs,   v. Google Inc.,         Defendant. _____/ | NO. CV 10-00672 JW NO. CV 10-01433 JW NO. CV 10-02509 JW **ORDER GRANTING MOTION TO CONSOLIDATE CASES; APPOINTING INTERIM LEAD CLASS COUNSEL AND LIAISON COUNSEL** |

    Presently before the Court is Plaintiffs' Motion for Consolidation of Cases and Appointment of Interim Class Counsel.[1] Plaintiffs move the Court to consolidate CV 10-00672 and CV 10-01433 and to appoint interim class counsel. (See Motion at 1.) The Court also considers *sua sponte* whether related action CV 10-02509 should be consolidated.[2] Plaintiffs represent that Defendant does not oppose the Motion.

---

[1] (Plaintiffs' Unopposed Motion for Entry of Proposed Pretrial Order No. 1, Memorandum of Points and Authorities in Support of Plaintiffs' Unopposed Motion for Entry of Pretrial Order No. 1, hereafter, "Motion," CV 10-00672-JW Docket Item No. 19.)

[2] The Court refers to the three actions collectively as the "Actions."

The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Plaintiffs' Motion to Consolidate and GRANTS in part Plaintiffs' Motion to Appoint Interim Class Counsel.

**A.    Consolidation of Actions**

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

Here, upon review of the Complaints in the Actions, the Court finds that each case presents virtually identical factual and legal issues. Plaintiffs in each Action allege that Defendant's "Google Buzz" service made private data belonging to Defendant's Gmail users, including Plaintiffs, public without their knowledge or authorization. The Actions are also at similarly early stages of litigation—Defendant has not yet responded to the Complaint in any of the Actions. Further, as each Action is a putative class action, the issues concerning class certification will be substantially duplicative. Given these similarities and the lack of any apparent inconvenience, delay, or expense that would result from consolidating the cases , the Court finds that consolidation of the Actions is appropriate.

Accordingly, the Court GRANTS Plaintiffs' Motion to Consolidate.

**B.    Appointment of Interim Class Counsel**

Plaintiffs move to appoint as interim class counsel the following structure: (1) Mr. Gary E. Mason as lead class counsel, (2) Mr. Michael Ram as liaison counsel, and (3) a "steering committee" of six lawyers from six law firms.[3]

Under Fed. R. Civ. P. 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Although Rule

---

[3] ([Proposed] Pretrial Order No. 1 ¶ 5, hereafter, "Proposed Order," CV 10-00672-JW Docket Item No. 19.)

2

23(g)(3) does not provide any guidance for selecting interim class counsel, a court may consider the factors enumerated in Rule 23(g)(1). Under Rule 23(g)(1), a court considers "(i) the work counsel has done in identifying or investing potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."[4]

Upon review of the proposed interim class counsel structure, the Court finds that the parties' nomination of Mr. Mason as lead counsel and Mr. Ram as liaison counsel appropriate. However, the Court does not comment on the parties' proposal of a "steering committee" consisting of six lawyers from different firms. The parties are free to set up their own internal structure without requiring approval from the Court.

Accordingly, the Court GRANTS in part Plaintiffs' Motion to appoint interim class and liaison counsel.

**C.  Conclusion**

In sum, the Court GRANTS Plaintiffs' Motion for Consolidation and GRANTS in part Plaintiffs' Motion to Appoint Interim Class Counsel as follows:

(1) The Court consolidates the Actions—CV 10-00672, CV 10-01433, and CV 10-02509—into one action. The Clerk of Court shall consolidate these actions such that the earliest filed action, CV 10-00672, is the lead case. All future filings shall be in CV 10-00672 and bear the caption: "In re Google Buzz Privacy Litigation." Since the later actions are now consumed in the first filed action, the Clerk shall administratively close CV 10-01433 and CV 10-02509.

(2) The Court GRANTS in part Plaintiffs' Motion to Appoint Interim Class Counsel. Mr. Gary E. Mason of Mason LLP shall serve as Interim Lead Class Counsel, and Mr. Michael Ram of Ram & Olson LLP shall serve as Interim Liaison Counsel.

---

[4] The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

3

(3) On or before **July 30, 2010**, Plaintiffs shall file an Amended Consolidated Complaint.

In light of this Order, the Court CONTINUES the Case Management Conference currently set for July 12, 2010 to **August 30, 2010 at 10 a.m.**[5] On or before **August 20, 2010**, the parties shall file a Joint Case Management Statement. The Statement shall include, among other things, the parties' position with respect to whether discovery should be bifurcated between class and merits, and a good faith discovery plan with a proposed date for the close of all discovery.

Dated: June 30, 2010

JAMES WARE
United States District Judge

---

[5] Accordingly, the Court DENIES as moot the parties' stipulation to continue the scheduled July 12, 2010 Case Management Conference. (C 10-00672-JW Docket Item No. 27.)

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adel A. Nadji anadji@audetlaw.com
Albert Gidari agidari@perkinscoie.com
Christopher A. Seeger cseeger@seegerweiss.com
David Burman dburman@perkinscoie.com
Donna F Solen dsolen@masonlawdc.com
Eric David Freed eric@freedweiss.com
Gary E. Mason gmason@masonlawdc.com
Jonas Palmer Mann jmann@audetlaw.com
Jonathan Shub jshub@shublaw.com
Michael D. Braun service@braunlawgroup.com
Michael Francis Ram mram@ramolson.com
Philip A. Leider pleider@perkinscoie.com
Reginald Von Terrell reggiet2@aol.com
Susan D Fahringer sfahringer@perkinscoie.com
William M. Audet waudet@audetlaw.com

**Dated: June 30, 2010**             **Richard W. Wieking, Clerk**

**By:   /s/ JW Chambers**
      **Elizabeth Garcia**
      **Courtroom Deputy**