# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE BUZZ USER PRIVACY LITIGATION<br><br>This Pleading Relates To:<br><u>ALL CASES</u> | Case No.  5:10-CV-00672-JW<br><br>Before: Hon. James Ware |

**SETTLEMENT AGREEMENT**

WHEREAS, Plaintiffs have brought a series of complaints as described below ("Action") against Google Inc. ("Google") asserting claims relating to Google's social networking program, Google Buzz; and

WHEREAS, the plaintiffs in the Action asserted claims against Google alleging violations of (i) the Electronic Communications Privacy Act, 18 U.S.C. §2510 *et seq*; (ii) the Stored Communications Act, 18 U.S.C. §2701 *et seq*; (iii) the Computer Fraud and Abuse Act, 18 U.S.C. §1030 *et seq*; (iv) the common law tort of Public Disclosure of Private Facts as recognized by California common law; and (v) the California Unfair Competition Law, California Business & Professions Code §17200, and might have amended their Complaints to add other claims if this settlement had not been reached; and

WHEREAS, Lead Class Counsel, as appointed by the Court on June 30, 2010, and Class Counsel have conducted significant investigations and analyzed and evaluated the merits of the claims made to date against the Defendant in the Action, and the impact of this Agreement on Plaintiffs and the Class, and based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that any such recovery would not occur for several years, Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class; and

WHEREAS, Google has denied and continues to deny each and every allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or which could have been asserted relative to the Action; and

WHEREAS, while Plaintiffs believe these claims possess substantial merit and while Google vigorously disputes such claims, without in any way acknowledging any fault or liability, the Parties have agreed to enter into this Settlement Agreement as an appropriate compromise of Plaintiffs' and Class Members' claims in order to put to rest all controversy and to avoid the uncertainty, risk, expense, and burdensome, protracted, and costly litigation that would be involved in prosecuting and defending the Action;

41063-0140/LEGAL19066729.2            1
41063-0140/LEGAL19066729.1

NOW, THEREFORE, THIS AGREEMENT is entered into as of this 2nd day of September, 2010, by and among (1) the Plaintiffs in the Action for themselves and on behalf of the Class as defined below; and (2) Google (collectively, the "Parties").

Subject to Court approval and the other conditions set forth herein, it is hereby agreed by the Parties that, in consideration of the undertakings, promises, and payments set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving the settlement and directing the implementation of the terms and conditions of this Agreement, the Action shall be settled and compromised upon the terms and conditions set forth below.

**1.     DEFINITIONS**

As used in this Agreement and the attached exhibits, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall be defined as set forth below:

**1.1**     "Action" means: *In re Google Buzz Privacy Litigation*, No. 5:10-cv-00672-JW (N.D. Cal.), which consolidates the separately filed cases *Eva Hibnick and Andranik Souvalian v. Google, Inc.*, No. 5:10-cv-00672-JW (N.D. Cal.) (complaint filed Feb. 17, 2010; first amended complaint filed Mar. 15, 2010); *Barry Feldman v. Google, Inc.*, No. 5:10-cv-01433-HRL (N.D. Cal.) (complaint filed Apr. 5, 2010); *Rochelle Williams v. Google, Inc.*, No. 5:109-cv-02509-PVT (N.D. Cal.) (complaint filed June 7, 2010); *Andranik Souvalian v. Google Inc.*, No. 1:10-cv-00102-MD-LDA (D.R.I.) (complaint filed Mar. 3, 2010); and *John H. Case and Lauren Maytin v. Google, Inc.*, No. 1:10-cv-01241-WYD-BNB (D. Col.) (complaint filed May 27, 2010).

**1.2**     "Agreement" or "Settlement Agreement" means this Settlement Agreement, including all exhibits.

**1.3**     "Class" means all Gmail users in the United States presented with the opportunity to use Google Buzz through the Notice Date.  Excluded from the Class are:  (1) Google, or any entity in which Google has a controlling interest, and its respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

**1.4**     "Class Action Administrator" means a mutually agreeable party, to be appointed by the Court, who will facilitate administrative matters and distribution of payments from the Common Fund under the direction of Lead Class Counsel, and who will be paid from the Common Fund.

**1.5**     "Class Counsel" means Plaintiffs' counsel set forth on the signature pages of this Agreement.

**1.6**     "Class Member" means a member of the Class who has not timely and validly requested exclusion.

**1.7** "Class Representatives" means Andranik Souvalian, Barry Feldman, John H. Case, Lauren Maytin, Mark Neyer, Katherine C. Wagner, and Rochelle Williams.

**1.8** "Common Fund" means the total payment described in subsection 3.4.

**1.9** "Court" means the United States District Court for the Northern District of California.

**1.10** "Day" or "Days" means calendar days.

**1.11** "Fairness Hearing" means the settlement approval hearing(s) to be conducted by the Court in connection with the final determination that the Agreement is fair, reasonable, and adequate and in the best interests of the Class as a whole.

**1.12** "Final Order and Judgment" means the order entered by the Court, in a form that is mutually agreeable to the Parties and substantially in the form attached hereto as Exhibit A, approving this Agreement as fair, reasonable, and adequate and in the best interests of the Class as a whole, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, without modifying any of the terms of this Agreement.

**1.13** "Google" means Google Inc. and its successors, assigns, predecessors, parents, subsidiaries, divisions, departments, or affiliates and any of its or their past or present officers, directors, stockholders, partners, agents, servants, subrogees, insurers, employees, or representatives.

**1.14** "Google Buzz" means the social networking application released by Google beginning on February 9, 2010.

**1.15** "Lead Class Counsel" means Gary E. Mason, Mason LLP.

**1.16** "Notice Date" means the first day on which the email referred to in Section 5.1(3) is sent.

**1.17** "Notice of Proposed Class Action Settlement" means the Notice of Pendency of Class Action, Proposed Settlement and Hearing, in a form agreed to by the Parties and substantially in the form attached hereto as Exhibit B.

**1.18** "Opt-Out Deadline" means the deadline for a Class Member to opt out of the settlement as set forth in Section 6 of this Agreement and in the Preliminary Approval Order and which shall be no more than sixty (60) Days from the date of entry of the Preliminary Approval Order.

**1.19** "Party" or "Parties" means Plaintiffs, Class Members, and Google, or each of them.

**1.20** "Person" means an individual or legal entity, including an association, or his, her, or its respective successors or assigns.

**1.21** "Plaintiffs" means the named Plaintiffs in the Action.

**1.22** "Preliminary Approval Order" means the Court's Order granting preliminary approval of this Agreement, approving the Notice of Proposed Class Action Settlement and the manner of providing notice to the Class, and setting forth a schedule for briefing regarding the fairness of the settlement and dates for submitting exclusion requests and the Fairness Hearing, in a form as agreed to by the Parties and substantially as set forth in Exhibit C.

**1.23** "Releasing Parties" means Class Members and their respective heirs, administrators, devisees, predecessors, successors, attorneys, representatives, shareholders, partners, directors, officers, owners, affiliates, subrogees, assignees, or insurers.

**1.24** "Settled Claims" means any claim, liability, right, demand, suit, matter, obligation, damage, including consequential damages, losses or costs, punitive damages, attorneys' fees and costs, actions or causes of action, of every kind and description, that the Releasing Parties, had, or may have, against Google that arise out of or relate to facts giving rise to the subject matter of the Action, whether known or unknown, suspected or unsuspected, asserted or unasserted, accrued or which may thereafter accrue, regardless of legal theory and the type of equitable relief or damages claimed.

**1.25** "Settlement Date" means the later of the date on which (1) the Final Order and Judgment, after entry by the Court, becomes final by expiration of the time for appeal; (2) the date the mandate issues if the Final Order and Judgment is appealed and is affirmed in full; or (3) the date the Parties elect to proceed with the Agreement under subsection 11.2 if the Final Order and Judgment is appealed and is not affirmed in full.

**2.     SETTLEMENT PURPOSES ONLY**

**2.1** This Agreement is for settlement purposes only, and to the fullest extent permitted by law neither the fact of, nor any provision contained in, this Agreement or its attachments, nor any action taken hereunder, shall constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Plaintiffs in the Action or in any other pending or subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Google or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in the Action or in any other action.

**2.2** Google conditionally agrees and consents to certification of the Class for settlement purposes only, and within the context of this Agreement only. If this Agreement, for any reason, is not finally approved or is otherwise terminated, Google reserves the right to assert any and all objections and defenses to certification of a class, and neither this Agreement nor any Order or other action relating to this Agreement shall be offered by any Person as evidence in support of a motion to certify a class for a purpose other than settlement.

**3.     RELIEF**

**3.1**     Google agreed to and has produced to Lead Class Counsel documents and information regarding the operation of Google Buzz, changes made to Google Buzz after it launched, and consumer feedback regarding Google Buzz.

**3.2**     Google has made changes to the Google Buzz user interface that clarify Google Buzz's operation and users' options regarding Google Buzz, including, in particular, changes regarding user information and control over Buzz's privacy settings.

**3.3**     Google agrees to disseminate wider public education about the privacy aspects of Google Buzz.  Google agrees that it will consider the suggestions that it has received from Class Counsel and any other suggestions it may receive from Class Counsel on this issue within thirty (30) days after this Settlement Agreement is executed by all Parties.  The parties agree that Google will select and design the final content of the public education efforts in its discretion.  Google agrees that it will provide a report to Lead Class Counsel within three months after the Final Order and Judgment describing the public education efforts concerning the privacy aspects of Google Buzz that it undertook pursuant to this Settlement Agreement.

**3.4**     Google agrees to and shall deposit in an interest-bearing bank account established by Google the total sum of Eight Million Five Hundred Thousand Dollars ($8,500,000.00) as a Common Fund for Class Administrator fees and expenses, cy pres relief, class representative incentive payments, attorneys' fees, and costs.  The First installment, of Five Hundred Thousand Dollars ($500,000.00) shall be deposited within ten (10) business days of entry of the Preliminary Approval Order.  The remainder shall be deposited within thirty (30) Days after entry of the Final Order and Judgment. The interest earned on such deposits shall accrue to the benefit of the Common Fund, and the interest shall be transferred to the cy pres recipients per subsection 3.4(d), below.  The Class Action Administrator will maintain control over the Common Fund and shall be responsible for all disbursements. Google shall have no other financial obligation under this Settlement Agreement.  In addition, under no circumstances will Google have any liability for taxes or tax expenses under this Settlement Agreement.

**(a)**     The cy pres recipients will be existing organizations focused on Internet privacy policy or privacy education.

**(b)**     The Parties shall mutually agree on the cy pres recipients and the amounts for each.

**(c)**     Payments to the cy pres recipients shall be made out of the Common Fund by the Class Action Administrator within thirty (30) Days after the latest of (1) agreement by the Parties on the cy pres recipients and amounts for each, and (2) the Settlement Date.

**(d)**     All monies in the Common Fund shall be paid out in full, and no monies shall revert to Google, unless the Court rejects the Final Order and Judgment, in which case all monies paid into the Common Fund shall immediately be returned to Google.

### 4.  SUBMISSION FOR PRELIMINARY APPROVAL

**4.1**  Upon execution of this Agreement by both Parties, Class Counsel shall submit this Agreement to the Court and request that the Court enter the Preliminary Approval Order.

**4.2**  Plaintiffs shall use best efforts to obtain agreement to the terms of this Agreement from all parties who, prior to the Court's entry of the Preliminary Approval Order, have filed lawsuits or asserted claims against Google arising out of the subject matter of the Action.  To the extent Plaintiffs are unable to obtain such agreement, Plaintiffs will cooperate with Google in assuring that duplicative litigation does not interfere with the benefit to Google of this settlement.

### 5.  NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**5.1**  The notice program and content shall be submitted for Court approval in the Preliminary Approval Order and shall consist of the following: (1) a third-party website created to provide neutral information about the settlement and containing the Notice of Proposed Class Action Settlement (the "Settlement Website"); (2) a joint press release mutually agreed by Lead Class Counsel and Google, announcing the settlement and listing the address of the Settlement Website, that Defendant shall cause to be wired to major news outlets; and (3) a notification, emailed by Google to all Gmail users whom Google can identify through reasonable efforts as residing in the United States, which email notification shall include a hypertext link to the Settlement Website.

**5.2**  The notice program set forth in paragraph 5.1, above, shall be established, and the emails and joint press release sent, within thirty (30) days of entry of the Preliminary Approval Order.  Notice under 5.1(2) and (3), above, shall be implemented and paid for by Google.  The costs associated with the Settlement Website and the fees and costs of the Class Action Administrator, including payment for Notice-related work, shall be paid out of the Common Fund.  Any amounts expended on the notice described in paragraph 5.1 are non-refundable even if the Court does not enter the Final Order and Judgment.

**5.3**  The Settlement Website shall (1) notify Class Members of their rights to object or opt out; (2) notify Class Members that no further notice will be provided to them that the settlement has been approved; and (3) inform Class Members that they should monitor the settlement information website for developments.

**5.4**  Within ten Days after the filing of this Agreement with the Court, Google shall notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### 6.  CLASS MEMBERS' RIGHT OF EXCLUSION/INCLUSION

**6.1**  Except for those Persons who properly request exclusion as described below, all members of the Class will be deemed Class Members for all purposes under this Agreement.  Any Person who properly requests exclusion shall not be entitled to relief under, and shall not be affected by, this Agreement or any relief provided by this Agreement.

**6.2**	A Class Member may request exclusion from the Class up until the Opt-Out Deadline.  To request exclusion, the Class Member must complete, sign, and mail to the Class Action Administrator a request for exclusion.  The request must be signed by the Class Member under penalty of perjury.  The request must be postmarked on or before the Opt-Out Deadline.

**6.3**	The Parties shall have the right to challenge the timeliness and validity of any exclusion request.  The Court shall determine whether any contested exclusion request is valid.

**6.4**	Within ten Days after the Opt-Out Deadline, the Class Action Administrator will provide to Google a list of all Persons who opted out by validly requesting exclusion.  In the event that the number of Persons who opted out exceeds a level separately agreed to by Lead Class Counsel and Google,  Google may elect to terminate this Agreement on the ground that exclusion at that level threatens to frustrate the essential purpose of this Agreement.  Google may exercise its right to terminate under this subsection by notifying Lead Class Counsel of its election no later than seven Days after receipt of the list of Persons who opted out.

**7.	OBJECTIONS**

**7.1**	Any Class Member who does not file a timely written request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement.  Class Members may not seek to exclude themselves from the Class <u>and</u> file an objection to the Settlement.

**7.2**	Any Class Member who wishes to object to any aspect of the Settlement must deliver to Lead Class Counsel and Defendants' Counsel as set forth in 13.11, below, no later than 21 days before the Fairness Hearing, and file with the Court, no later than 21 days before the Fairness Hearing, a written statement of the objection(s).  The written statement of the objection(s) must include (a) a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objection(s); (b) the Class Member's name, address and telephone number; and (c) information demonstrating that the Class Member is entitled to be included as a member of the Class.

**7.3**	Class Members may raise an objection either on their own or through an attorney hired at their own expense.  If a Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must (a) file a notice of appearance with the Clerk of Court no later than 21 days before the Fairness Hearing or as the Court otherwise may direct, and (b) deliver a copy of the notice to Class Counsel and Defendants' Counsel, as set forth in 13.11 below, no later than 21 days before the Fairness Hearing.  Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing, must deliver to Lead Class Counsel and Defendants' Counsel, and file with the Court, no later than 21 days before the Fairness Hearing or as the Court otherwise may direct, a notice of their intention to appear at the Fairness Hearing.

**7.4** Any Class Member who fails to comply with the provisions of the preceding subsections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Settlement and by all proceedings, orders, and judgments in the Action.

## 8. EXCLUSIVE REMEDY; DISMISSAL OF ACTION; JURISDICTION OF COURT

**8.1** This Agreement shall be the sole and exclusive remedy for any and all Settled Claims of Class Members. Upon entry of the Final Order and Judgment, each Class Member shall be barred from initiating, asserting, or prosecuting against Google any Settled Claims that are released by operation of this Agreement and the Final Order and Judgment. In the event any Class Member attempts to prosecute an action in contravention of the Final Order and Judgment and this Agreement, counsel for any of the Parties may forward this Agreement and the Final Order and Judgment to such Class Member and advise him, her, or it of the releases provided pursuant to this Agreement. If so requested by Google or counsel for Google, Lead Class Counsel shall provide this notice.

**8.2** Upon entry of Final Order and Judgment, the Action shall be dismissed with prejudice.

**8.3** The Court retains exclusive and continuing jurisdiction over the Action and all Parties to interpret and enforce the terms, conditions, and obligations of this Agreement.

## 9. RELEASES

**9.1** Upon entry of the Final Order and Judgment, and regardless of whether any Class Member executes and delivers a written release, each Releasing Party shall be deemed to release and forever discharge Google from any and all Settled Claims.

**9.2** The Releasing Parties shall, by operation of the Final Order and Judgment, expressly waive the provisions of California Civil Code § 1542 (and all other similar provisions of law) to the full extent that these provisions may be applicable to this release. California Civil Code § 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN TO HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties shall, by operation of the Final Order and Judgment, be deemed to assume the risk that facts additional, different, or contrary to the facts which each believes or understands to exist, may now exist or may be discovered after the release set forth in this Agreement becomes effective, and the Releasing Parties shall, by operation of the Final Order and Judgment, be deemed to have agreed that any such additional, different, or contrary facts

shall in no way limit, waive, or reduce the foregoing releases, which shall remain in full force and effect.

**9.3** Nothing in this Agreement shall be construed in any way to prejudice or interfere with any Releasing Party's ability to pursue his, her, or its rights under any applicable insurance policies.

### 10. CLASS COUNSEL FEES AND COSTS AND INCENTIVE AWARDS

**10.1** Class Counsel may apply to the Court for a determination of their reasonable attorneys' fees and costs. Class Counsel agrees that it will seek up to, but not more than, thirty (30) percent of the Common Fund as an award of attorney's fees, and Google will not object to an award limited to such amount. Attorneys' fees and costs as awarded by the Court shall be paid out of the Common Fund by the Class Action Administrator within ten Days after the latest of (1) the Court issuing an order awarding such attorneys' fees and costs, and (2) the Settlement Date. The Class Action Administrator shall wire the amount awarded to Lead Class Counsel, who shall be responsible for allocating the fee award among Class Counsel.

**10.2** In recognition of their efforts on behalf of the Class, and subject to Court approval, Lead Class Counsel shall apply to the Court for an award to each Class Representative of up to Two Thousand Five Hundred Dollars ($2,500.00) as appropriate compensation for his or her time and effort serving as Class Representative. Such incentive awards shall be paid out of the Common Fund by the Class Action Administrator within 30 Days after the latest of (1) the Court issuing an order approving such incentive awards and (2) the Settlement Date.

**10.3** Except as otherwise provided in this section, each Party will bear its own costs, including attorneys' fees, incurred in connection with the Action.

### 11. TERMINATION OF THE AGREEMENT

**11.1** The performance of this Agreement is expressly contingent upon entry of the Final Order and Judgment. If the Court fails to issue the Final Order and Judgment following conclusion of the Fairness Hearing, or if Google terminates the Agreement as provided in subsection 6.4, the Agreement will be terminated.

**11.2** If the Final Order and Judgment is vacated, modified, or reversed, in whole or in part, the Agreement will be deemed terminated, unless all Parties who are adversely affected thereby, in their sole discretion within thirty (30) Days of receipt of such ruling, provide written notice through counsel to Lead Class Counsel and Defendant of their intent to proceed with the Agreement as modified by the Court or on appeal.

**11.3** If this Agreement is terminated pursuant to this section or subsection 6.4, it will have no force or effect whatsoever, shall be null and void, and will not be admissible as evidence for any purpose in any pending or future litigation in any jurisdiction.

**12.    CONFIDENTIALITY**

Other than responses to inquiries from governmental entities or as necessary to comply with federal and state tax and securities laws, no Party shall initiate any publicity relating to or make any public comment regarding this Settlement Agreement until a Motion seeking the Preliminary Approval Order is filed with the Court.

**13.    MISCELLANEOUS PROVISIONS**

**13.1**    This Agreement, including all attached exhibits, shall constitute the entire Agreement among the Parties with regard to the subject matter of this Agreement and shall supersede any previous agreements and understandings between the Parties.

**13.2**    This Agreement may not be changed, modified or amended except in writing signed by Lead Class Counsel and Google's counsel, subject to Court approval if required.

**13.3**    Each Party represents and warrants that it enters into this Agreement of his, her, or its own free will.  Each Party is relying solely on its own judgment and knowledge and is not relying on any statement or representation made by any other Party or any other Party's agents or attorneys concerning the subject matter, basis, or effect of this Agreement.

**13.4**    This Agreement has been negotiated at arms' length by Class Counsel and Google's counsel.  In the event of any dispute arising out of this Agreement, or in any proceeding to enforce any of the terms of this Agreement, no Party shall be deemed to be the drafter of this Agreement or of any particular provision or provisions, and no part of this Agreement shall be construed against any Party on the basis of that Party's identity as the drafter of any part of this Agreement.

**13.5**    The Parties agree to cooperate fully and to take all additional action that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

**13.6**    This Agreement shall be binding upon and inure to the benefit of all the Parties and their respective representatives, heirs, successors, and assigns.

**13.7**    The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

**13.8**    This Agreement will be construed in accordance with the laws of the State of California.

**13.9**    If any provision, paragraph, section, subsection, or other portion of this Agreement is found to be void (except for Section 9), all of the remaining provisions of this Agreement shall remain in full force and effect.

**13.10** Prior to pursuing relief or submitting any dispute relating to this Settlement Agreement to the Court, the Parties agree to mediate the dispute before the Honorable Fern M. Smith (Ret.) of JAMS, Two Embarcadero Center, Suite 1500, San Francisco, California 94111.

**13.11** Any notice, instruction, court filing, or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, or overnight delivery service to the respective representatives identified below or to other recipients as the Court may specify. As of the date of this Agreement, these respective representatives are as follows:

For the Class:

MASON LLP
c/o Gary E. Mason
1625 Massachusetts Avenue, Suite 605
Washington, DC 20036

For Google:

PERKINS COIE LLP
c/o David J. Burman
1201 Third Avenue, Suite 4800
Seattle, WA 98101

**13.12** The Parties each represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand covered by this Agreement.

**13.13** The signatories to this Agreement represent that they have been duly authorized to execute this Agreement on behalf of the Parties they purport to represent.

**13.14** This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

/

/

/

/

/

Dated: September 2, 2010.

MASON LLP

*[signature]*

Gary E. Mason,
on behalf of all Class Members

Dated: September 2, 2010

GOOGLE INC.

By: *[signature]*

TIMOTHY L. ALGER
DEPUTY GENERAL COUNSEL

**Additional Counsel for the Class:**

Michael F. Ram (SBN 104805)
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, California 94111
Phone: (415) 433-4949
Fax: (415) 433-7311

Peter N. Wasylyk (pro hac vice)
LAW OFFICES OF PETER N. WASYLK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Phone: (401) 831-7730

Andrew S. Kierstead (SBN 132105)
LAW OFFICE OF ANDREW
 KIERSTEAD
1001 SW 5th Avenue, Suite 1100
Portland, Oregon 97204
Phone: (508) 224-6246

Michael D. Braun (SBN 167416)
Braun Law Group, P.C.
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Phone: (310) 836-6000

Peter W. Thomas
THOMAS GENSHAFT, P.C.
0039 Boomerand Rd, Ste 8130
Aspen, Colrado 81611
Phone: (970) 544-5900

William B. Rubenstein (SBN 235312)
1545 Massachusetts Avenue
Cambridge, Massachusetts 02138
Phone: (617) 496-7320
Fax: (617) 496-4865

Donald Amamgbo
AAMAMGBO & ASSOCIATES
7901 Oakport St., Ste 4900
Oakland, California 94261

Reginald Terrell, Esq.
THE TERRELL LAW GROUP
P.O. Box 13315, PMB # 149
Oakland, California 94661

Jonathan Shub (SBN 237708)
SHUB LAW LLC
1818 Market Street, 13th Floor
Philadelphia, Pennsylvania 19102
Phone: (610) 453-6551

Christopher A. Seeger
SEEGER WEISS LLP
One William Street
New York, New York
Phone: (212) 584-0700

Lawrence Feldman
LAWRENCE E. FELDMAN & ASSOC.
423 Tulpehocken Avenue
Elkins Park, Pennsylvania 19027
Phone: (215) 885-3302

Eric Freed (SBN 162546)
FREED & WEISS LLC
111 West Washington Street, Ste 1311
Chicago, IL 60602
Phone: (312) 220-0000

Howard G. Silverman
KANE & SILVERMAN, P.C.
2401 Pennsylvania Ave, Ste 1C-44
Philadelphia, PA 19130
Phone: (215) 232-1000

13