# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: GOOGLE BUZZ PRIVACY LITIGATION | |
| This Document Relates To: ALL CASES | Case No. 5:10-cv-00672-JW |

**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

WHEREAS, the Plaintiffs Andranik Souvalian, Katherine C. Wagner, Mark Neyer, Barry Feldman, Rochelle Williams, John Case, and Lauren Maytin (collectively, "Plaintiffs") and Defendant Google Inc. (the "Defendant") have moved for an order granting final approval to this Class Action Settlement ("Settlement") which received preliminary approval on ____, 2010;

WHEREAS, the Parties appeared by their attorneys of record at a fairness hearing on _____, 2010, after an opportunity having been given to all Class Members to be heard in accordance with the Court's Preliminary Approval Order, and having given due consideration to the Parties' Settlement Agreement, including all attached exhibits and related materials, the Motion, all other papers filed in support, all objections to the Settlement, the complete record of the case, the arguments at the ___, 2010, hearing, and all other material relevant to this matter including the Affidavit of the Settlement Administrator;

WHEREAS, the Court has before it the parties' Motion for Approval of Settlement, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between

41063-0140/LEGAL19034169.1    1

competent and experienced counsel for both Plaintiffs and Defendant, assisted by a retired federal district judge with extensive class action experience.

IT IS HEREBY ORDERED THAT:

1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all terms as used in this Order shall have the meanings as set forth in the Settlement Agreement.

2.  For purposes of this litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Class Members.

3.  The Settlement Agreement previously provided to the Court is adopted by the Court and made part of this Order as if set out in full herein.

4.  Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the proposed Class is hereby certified for settlement purposes only. The Settlement Class is defined as follows:

> All Gmail users in the United States presented with the opportunity to use Google Buzz through the Notice Date. Excluded from the Class are: (1) Google, or any entity in which Google has a controlling interest, and its respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

5.  Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court makes the following findings of fact and conclusions of law:

    a.  The Settlement Class is sufficiently definite;

    b.  The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

    c.  There are questions of law and/or fact common within the Settlement Class;

   d. Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

   e. Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class;

   f. Plaintiffs' interests do not conflict with the interests of the Settlement Class in the maintenance of this action;

   g. The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual members of the Settlement Class; and

   h. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

  6. The Settlement Agreement and the terms contained therein are hereby approved as fair, reasonable, and adequate, and in the best interests of the class as a whole.

  7. Gary E. Mason, Mason LLP, is hereby confirmed as Lead Class Counsel.

  8. Michael F. Ram, Ram & Olson LLP, is hereby confirmed as liaison Counsel.

  9. William Rubenstein, Peter N. Wasylyk, Andrew S. Kierstead, Michael D. Braun, Braun Law Group, P.C., Peter W. Thomas, Thomas Genshaft, P.C., Donald Amamgbo, Amamgbo & Associates, Reginald Terrell, The Terrell Law Group, Jonathan Shub, Shub Law LLC, Christopher A. Seeger, Seeger Weiss LLP, Lawrence Feldman, Lawrence E. Feldman & Associates, Eric Freed, Freed & Weiss LLC, and Howard G. Silverman, Kane & Silverman P.C., are hereby confirmed as Class Counsel.

  10. The Parties have provided notice in a manner consistent with the Order Granting Motion for Preliminary Approval of Class Action Settlement and as set forth in the Settlement Agreement. The notice, as implemented, met the requirements of due process and was the best notice practicable under the circumstances. The notice was reasonably calculated, under the

circumstances, to apprise members of the Settlement Class of the pendency of the action, the terms of the Settlement, and their right to appear, object to, or exclude themselves from the Settlement.  Further, the notice was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive notice.  The Defendant notified the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11. Class Counsel retained ____ to assist in disseminating Notice in accordance with the terms of the Settlement Agreement and the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement.  It is apparent from the Affidavit of _____ that the Notice was properly implemented and effective.

12. The Court has determined that full opportunity has been given to the members of the Settlement Class to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses, and otherwise participate in the Final Approval Hearing on ___, 2010.  The Court has considered all submissions and arguments provided by Class Members objecting to the Settlement as well as Class Counsel's response to those objections and has determined that none of the objections warrants disapproval of the Settlement Agreement and/or Plaintiffs' request for attorneys' fees and expenses.

13. The Court has carefully considered all the materials and arguments before it and has made its independent judgment that (1) Plaintiffs and Class Members face significant risks if this litigation were to proceed; (2) the possibility of a greater ultimate recovery is speculative and any such recovery would only occur after considerable delay; (3) the terms of the Settlement provide substantial and meaningful benefits to the Settlement Class; (4) the Settlement is the product of meaningful investigation in the facts and circumstance of the launch of Google Buzz;

(5) the settlement negotiations were extensive, arms-length, under the direction of the Hon. Fern Smith, and without any collusion; (6) the reaction by the Settlement Class has been in favor of the Settlement; and (7) experienced Class Counsel support the Settlement.  Accordingly, having considered the foregoing as well as the small number of opt outs and objections, the costs and risks and delays of continued litigation versus the benefits provided by the Settlement, and based on this Court's knowledge of this action, the Court finds and concludes that the Settlement is in the best interests of the Class and is fair, reasonable, and adequate to all Class Members.  The Court therefore enters judgment in accordance with the Settlement Agreement.

14.  The Settlement and the terms of the Settlement Agreement are accordingly granted final approval and are confirmed as fair, reasonable and adequate and are binding upon all Class Members who have not timely opted out.

15.  The Parties are hereby directed to proceed with and complete implementation of the Settlement, including payment to the cy pres recipients pursuant to Section 3.4 of the Settlement Agreement.

16.  The Court dismisses on the merits with prejudice all claims presently before it and orders the release of all Class Members' claims pursuant to Section 9 of the Settlement Agreement.

17.  Those Class Members who requested exclusion and who are listed on Exhibit 1 to the Affidavit of the Class Action Administrator are hereby excluded from this Settlement.

18.  The Court, having considered the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees in the amount of $_____.  The Court also grants Class Counsel's request for expense reimbursement equal to the amount of their reasonable expenses incurred in

prosecuting this action and in implementing this Settlement. The Court approves reimbursement totaling $_____. The Court also approves the requested incentive award of $____ for each Class Representative. All court-awarded fees, expenses, and reimbursements shall be paid out of the Common Fund.

19. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

20. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, including all Class Members and their counsel with respect to the execution, consummation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order, including the entry of any additional orders as may be necessary and appropriate relating to any and all issues including any appeals.

**IT IS SO ORDERED**

Dated: _____

_____
The Honorable James Ware
United States District Judge