

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE BUZZ USER PRIVACY LITIGATION<br><br>This Pleading Relates To:<br>ALL CASES | Case No.: 10-CV-00672-JW<br><br>**SECOND AMENDED [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Date:    January 31, 2010<br>Time:    9:00am<br>Place:   Courtroom 8, 4th Floor<br>            [Hon. James Ware] |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

WHEREAS, the Plaintiffs Andranik Souvalian, Katherine C. Wagner, Mark Neyer, Barry Feldman, Rochelle Williams, John Case, and Lauren Maytin (collectively, "Plaintiffs") and Defendant Google Inc. (the "Defendant") have entered into a Settlement Agreement intended to resolve the litigation pending in this Court; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of these actions against the Defendant; and

WHEREAS, the Court has before it the Plaintiffs' Motion for Preliminary Approval of Settlement, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant, assisted by a retired federal district judge with extensive class action experience.

IT IS HEREBY ORDERED as follows:

1. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below.

2. The Settlement Agreement between Defendant and Plaintiffs is adopted by the Court and made part of this Order as if set out in full herein. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the meanings set forth in the Settlement Agreement.

3. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the proposed Class is hereby preliminarily certified for Settlement purposes only. The Settlement Class is defined as follows:

> All Gmail users in the United States presented with the opportunity to use Google Buzz through the Notice Date. Excluded from the Class are: (1) Google, or any entity in which Google has a controlling interest, and its respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court makes the following preliminary findings of fact and conclusions of law:

   a. The Settlement Class is sufficiently definite;

   b. The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

   c. There are questions of law and/or fact common within the Settlement Class;

   d. Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

   e. Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class;

   f. Plaintiffs' interests do not conflict with the interests of the Settlement Class in the maintenance of this action;

   g. The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual members of the Settlement Class; and

   h. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

5. The Settlement Agreement and the terms contained therein are hereby preliminarily approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class as a whole.

6. The Court approves the proposed method of dissemination of notice set forth in the Settlement Agreement. The notice meets the requirements of due process and is the best notice

1  practicable under the circumstances. Subject to amendment if the need arises, the notice program set

2  forth in the Settlement Agreement shall be established, and the emails and joint press release sent,

3  within thirty (30) days of this Preliminary Approval Order and executed as set forth in the Settlement

4  Agreement. The Defendant shall notify the appropriate federal and state officials pursuant to the

5  Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

6

7.   The Class Action Administrator shall administer the settlement so as to facilitate administrative matters and the distribution of payments to the cy pres recipients in accordance with the terms and conditions of the Settlement Agreement.  The Court hereby approves the appointment of Garden City Group as Class Action Administrator.

8.   Members of the Settlement Class may opt-out of the Class by submitting a written request for exclusion to the Class Action Administrator. The request for exclusion must be received within sixty (60) days of the date of this Order and must include the individual's full name, address, a statement of the individual's intention to opt-out of the Settlement, and the reason or reasons for opting out of the Settlement.

9.   Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement must file with the Clerk of the Court and serve Lead Class Counsel and Defendant's Counsel as set forth in Section 13.11 of the Settlement Agreement, no later than twenty-one (21) days before the Fairness Hearing, a statement of the objections setting forth the specific reason(s), if any, for the objection, including any legal support that the Class Member wishes to bring to the hearing, any evidence that the Class Member wishes to introduce in support of the objection, and whether the Class Member intends to appear at the Fairness Hearing. Class Members may so act either on their own or through any attorney hired at their own expense. The Class Member, or attorney, acting on his or her behalf, also must:

    a.   File a notice of appearance with the Clerk of the Court no later than twenty-

one (21) days prior to the Fairness Hearing or as the Court may otherwise direct;

  b. Serve a copy of such notice of appearance on Lead Class Counsel and Defendant's Counsel as set forth in Section 13.11 of the Settlement Agreement, no later than twenty-one (21) days prior to the Fairness Hearing or as the Court may otherwise direct; and

  c. Prove his or her status as a Class Member.

10. Any Class Member who files and serves a written objection in accordance with the procedure set forth above and in Section 7 of the Settlement Agreement may appear at the Fairness Hearing to object to any aspect of the fairness, reasonableness or adequacy of the Settlement Agreement. A Class Member who does not timely file and serve such a written objection shall not be heard at the Fairness Hearing.

11. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall waive and forfeit any and all rights the Class Member may have to opt out and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Actions.

12. The deadline for Class Counsel to file a petition for award of attorneys' fees and reimbursement of expenses and requests for incentive awards to Class Representatives shall be December 20, 2010, forty-two (42) days before the Fairness Hearing, and the deadline for filing a reply shall be five (5) days before the Fairness Hearing.

13. The Fairness Hearing shall be conducted on January 31, 2011 at 9:00 a.m. The Fairness Hearing shall take place in Courtroom 8, 4th Floor, at the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95133. At the Fairness Hearing, the Parties will request that the Court, among other things, (a) grant final

certification of the Class, (b) enter Judgment in accordance with the Settlement Agreement, (c) approve the settlement as final, fair, reasonable, adequate and binding on all Class Members who have not timely opted-out pursuant to Section 6 of the Settlement Agreement and this Order, (d) approve the payment of reasonable attorneys' fees and costs for Class Counsel pursuant to Section 10.1 of the Settlement Agreement, (e) approve the incentive awards proposed for the Plaintiffs pursuant to Section 10.2 of the Settlement Agreement, and (f) order the release of all Class Members' claims pursuant to Section 9 of the Settlement Agreement and dismiss this Action with prejudice.

14. Pending further orders by this Court, all proceedings in this case — other than proceedings pursuant to this Order — shall be stayed and all members of the Settlement Class who do not request exclusion from the Settlement Class in accordance with Paragraph 11 of this Order shall be enjoined under the All Writs Act, 28 U.S.C. § 1651, the Anti- Injunction Act, 28 U.S.C. §2283, and Federal Rule of Civil Procedure 65 from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against the Defendant relating to or arising out of the subject matter of the Actions.

Dated: October 7, 2010

_____
JAMES WARE
United States District Judge