Nathalie Anne Gachot (SBN 268122)

nagachot@naglaw.com

NAGLAW

PO Box 99968

San Diego, CA 92169

Telephone: (858) 754-9633

Facsimile: (858) 454-3414

FILED

2010 DEC 17 P 2: 04

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

Nathalie Anne Gachot, Esq., Member of Plaintiff Class in Pro Se

# THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE USER PRIVACY LITIGATION<br><br>This Pleading Relates To:<br>ALL CASES | Case No.: 5:10-CV-00672-JW<br><br>OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT AND NOTICE OF INTENT TO APPEAR |

    Nathalie Anne Gachot, Esq. (Objector), having reviewed the proposed Settlement Agreement regarding this litigation, believes and therefore alleges that such proposed Settlement Agreement is not fair, adequate or reasonable. As a result, Objector respectfully submits that this Court should decline to approve the proposed Settlement Agreement as currently presented.

### PROOF OF MEMBERSHIP IN CLASS

    Objector Nathalie Anne Gachot submits the following as proof of her membership in the class.

Case No. 5:10-CV-00672-JW – OBJECTION TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR    1

Nathalie Anne Gachot resides at 6949 Paseo Laredo, La Jolla, CA 92037. Her phone number is (858) 754-9633.

1. Objector began using gmail on or about June 2006. Objector's gmail address is ngachot@gmail.com. Objector was automatically enrolled in google buzz by google and was unaware of the privacy settings and implications google buzz carried with it when she was enrolled.

2. The parties to this case have entered into a proposed Settlement Agreement regarding this litigation.

3. Objector, having reviewed the Notice, believes and therefore alleges that such proposed Settlement Agreement is not fair, adequate or reasonable. As a result, Objector respectfully submits that this Court should decline to approve the proposed Settlement Agreement as currently presented.

## NOTICE OF INTENT TO APPEAR

Nathalie Anne Gachot hereby submits her notice of intent to appear pro se at the fairness hearing for In re Google Buzz User Privacy Litigation, No. 5:10-cv-00672-JW presently scheduled at 9:00 a.m. on January 31, 2011 at the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, Courtroom 8, 4th Floor, San Jose, CA 95113.

## OBJECTIONS

These objections are timely filed as a matter of right, and the proposed Settlement Agreement is unfair, inadequate and unreasonable for the reasons as set forth below.

1. The attorneys' fees provided for in the proposed settlement agreement are excessive and unreasonable. Members of the class have not had an opportunity to review class counsel's petition for attorney fees and costs for reasonableness prior to the objection deadline. Class counsel intends to petition for a fee constituting 25% of the Common Fund. This 25% requested by class counsel, or $2.125 million, is excessive in relation to time reasonably spent by class counsel. Objector also objects on the basis that evidence has not yet been submitted to

Case No. 5:10-CV-00672-JW – OBJECTION TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR   2

the Court concerning the amount of time expended by class counsel on the case. Objector requests an opportunity to review the reasonableness of the fee by investigating time spent, what multiple is used, and how much of the time was incurred in matters that should be disallowed, such as how much time was incurred for reviewing another attorneys work or securing appointment as Lead Counsel. Objector requests a stay of a determination on the issue of fees until such time as adequate evidence has been submitted to the Court.

2. Benefits awarded to the members of the class under the settlement are inadequate. The amount of the settlement common fund ($8,500,000.00) is insufficient and no direct compensation is afforded to the members of the class. Funds are only dedicated to Cy-pres relief under the agreement and no monetary compensation is afforded to members of the class. Instead of compensation, the proposed settlement benefits to class members only serve to prevent the recurrence of damage. Preventing the recurrence of damages is not the same as compensating one for damage already done.

   A) **Members with out of pocket damages**

   Class counsel asserts in support of the proposed settlement agreement that they have not identified class members who allege suffering out of pocket damages and that it is unlikely that members of the class suffered such out of pocket damages. However, the method used to locate and identify class members who allege they suffered out of pocket damages was wholly inadequate. With over 30 million members of the class, class counsel's assertion was based on a very small amount of available consumer feedback, only approximately 2,000 emails that users sent to google providing feedback about Buzz. This measure is even more suspect when one considers that the cornerstone of the complaint is that private information was divulged WITHOUT USERS' KNOWLEDGE or consent. If clients were unaware of the publication of private facts, it therefore stands to reason that users would be unlikely to send emails about the disclosure to google. Additionally, plaintiff's complaint mentions the high potential for out-of-pocket

Case No. 5:10-CV-00672-JW – OBJECTION TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR                                                                                                           3

1  damages. More importantly than whether or not out-of-pocket damages were incurred is
2  the fact that statutory damages in the amount of not less than $1,000 per class member
3  are provided for by 18 USC 2707(c). The statutory minimum award shows that class
4  members are entitled to and should receive monetary compensation for these offenses
5  even where no out-of-pocket damages occurred. Objector requests that a portion of the
6  common fund be set aside for payment to class members.

7  3. Under section 3.3 of the proposed settlement agreement, Google will select and design the final
8  content of public education efforts in its discretion. Google has an obligation to consider
9  suggestions from class counsel and class members, but has no obligation to incorporate such
10 suggestions. Google also has no obligation to set aside resources solely for the purpose of
11 meeting its obligation to disseminate wider public education about the privacy of Google Buzz.
12 The plan designed by Google under section 3.3 of the proposed settlement agreement SHOULD
13 have a chance to be reviewed and approved by class members, class counsel, and the Court.
14 Therefore, Google's plan and obligations to disseminate wider public education under the
15 settlement agreement must be finalized and disclosed before approval of the proposed
16 settlement is granted. Class Members are entitled to know what Google's obligations under
17 section 3.3 of the proposed settlement agreement entail prior to the Court's approval of the
18 settlement agreement.

19 4. Proposed cy pres recipients SHOULD have been identified in the Settlement Notice so that any
20 Class Member could object to a selected entity, propose another or have a say in the distribution
21 of the common fund. Class Members are entitled to know the identity of the proposed
22 recipients prior to the Court's approval of the settlement agreement.

23 5. Objector respectfully adopts and incorporates herein all Objections to the proposed Settlement
24 Agreement that are otherwise timely filed and not inconsistent with these objections.

25 **RELIEF SOUGHT BY OBJECTOR**

26 WHEREFORE Objector respectfully requests that this Court provide the following relief:

Case No. 5:10-CV-00672-JW – OBJECTION TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR                                                                 4

1  A) That upon proper hearing, the Court sustain these Objections

2  B) That the Court decline to approve the proposed Settlement Agreement as currently presented.

3  C) That the Court shall then enter such Orders as are necessary and just to adjudicate these

4     Objections and alleviate the inherent unfairness, inadequacy and unreasonableness of the

5     proposed Settlement Agreement;

6  D) That the Court shall withdraw its conditional approval of the proposed Settlement Agreement

7     and enter its Order requiring further proceedings.

9  DATED:    December 15, 2010            Respectfully submitted,

10                                        _____

11                                        Nathalie Anne Gachot, Esq.

12                                        Member of plaintiff class in pro se

13                                        E-mail: nagachot@naglaw.com

Nathalie Anne Gachot (SBN 268122)
nagachot@naglaw.com
NAGLAW
PO Box 99968
San Diego, CA 92169
Telephone: (858) 754-9633
Facsimile: (858) 454-3414

Nathalie Anne Gachot, Esq., Member of Plaintiff Class in Pro Se

FILED

2010 DEC 17 P 2:04

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE USER PRIVACY LITIGATION<br><br>This Pleading Relates To:<br><br>ALL CASES | Case No.: 5:10-CV-00672-JW<br><br>OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT AND NOTICE OF INTENT TO APPEAR<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2010, true copies of the Objection to Proposed Settlement Agreement and Notice of Intent to Appear was mailed, first-class postage prepaid, to

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the United States District Court for the Northern District of California San Jose Division 280 South 1st Street San Jose, CA 95113 | Gary Mason, Esq. Mason LLP 1625 Massachusetts Ave., NW Suite 605 Washington, DC 20036 | David J. Burman, Esq. Perkins Coie LLP 1201 Third Avenue Suite 4800 Seattle, WA 98101-3099 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____12/15/2010_____      ____/s/ Nathalie Anne Gachot____
                                      Nathalie Anne Gachot, Esq.

Case No.: 5:10-CV-00672-JW – CERTIFICATE OF SERVICE                    1