1  Nathan Kassebaum
2  3029 E Santa Rosa Drive
   Gilbert, Arizona 85234
3  (480) 559-9328

RECEIVED

2010 DEC 20  P 1: 28

4  THE UNITED STATES DISTRICT COURT

5  FOR THE NORTHERN DISTRICT OF CALIFORNIA

6  SAN JOSE DIVISION

7  In Re:                                    NO.: 5:10-cv-00672-JW

8  GOOGLE BUZZ USER PRIVACY                  OBJECTION TO PROPOSED
                                             SETTLEMENT
9  LITIGATION
                                             (Assigned to the Honorable James Ware)
10

11

12      1. **Class Member Identification**. My name is Nathan Kassebaum.  My address is 3029 E

13  Santa Rosa Dr, Gilbert, AZ, 85234.  My telephone number is (480) 559-9328.  I registered with

14  Google's e-mail service under the account name "doctorlime@gmail.com" prior to February 9,

15  2010, when Google launched the Buzz social networking program and Plaintiffs allege Google

    violated its users privacy.  This makes me a Class Member.

16      2. **Fairness Hearing**. I will not appear at the January 31, 2011 fairness hearing, in person

17  or through counsel.

18      3. **Reasons for Objection**. I object to the proposed settlement that was preliminarily

19  approved on October 7, 2010 for the following reasons:

20      4. **The Settlement violates Rules 23(a)(4) and 23(g)(4) of the Federal Rules of Civil**

    **Procedure.**  In agreeing to this settlement, the representative plaintiffs and Class Counsel are

21  acting contrary to the interests of the Settlement Class.  Plaintiffs allege that Defendant Google,

22  in addition to violating certain statutes, committed a common-law tort against the Settlement

23  Class.  If Google did in fact commit the alleged tort, the Class Members may not have realized

24  the damages yet.  In other words, if some person were able to obtain private information about

25  Class Members through the violations alleged, that person may not have yet acted in a way that

    would cause damages to the Class Members; or, if the person has caused damages, the Class

26  Members may not yet know about it.  Furthermore, if damage has been done to the Class

27  Members, the damages may potentially be quite substantial.

28
                                        - 1 -

5. The Settlement provides a considerable payment to Plaintiff's counsel, and monetary payments to the named Plaintiffs. The Class Members, however, forfeit their right to sue Google if Google did, in fact, commit a tort. In exchange, the Class Members get absolutely nothing. The three concessions provided in the Settlement that purportedly benefit the Class Members do not benefit the Class Members any more than they benefit the public at large.

6. Specifically, Google's agreement to make changes to the Buzz service to clarify its operation and options is likely a good business decision for Google, but does not benefit the Class Members any more or less than it benefits any other user of Google Buzz. Furthermore, this change does not compensate the Class Members in any way if the Class Members did, in fact, suffer damages.

7. Google's pledge to do more to educate the public about the privacy aspects of Google Buzz is, again, likely a good business decision. However, again, it does not benefit the Class Members any more or less than it benefits any other user of Google Buzz. Neither does this pledge compensate the Class Members in any way if the Class Members suffered any damages.

8. Google's agreement to pay $8,500,000 into an interest-bearing account to organizations that supposedly advance the privacy interests of internet users may not benefit anyone except the owners of the organizations. If such a payment proves to be beneficial to the Class Members, it is, again, of no greater benefit to the Class Members than it is to "internet users" at large.

9. Ultimately, this Settlement punishes Class Members for remaining in the Class. Google makes a substantial payment to a "Common Fund" and to the plaintiff's attorney, and Google pledges to provide certain services that speculatively may benefit the public at large. Class Members forfeit their rights to pursue damages, and in exchange, receive no benefit that they would not otherwise receive if they excluded themselves from the Class. In other words, people who remain in the Class receive the same benefits as those who exclude themselves, but those who remain in the Class forfeit some of their rights.

10. **Therefore**, for the foregoing reasons, I respectfully request that this Court deny the proposed settlement. Furthermore, as the representative plaintiffs and plaintiff's counsel do not adequately represent the interests of the Class under Rules 23(a)(4) and 23(g)(4), I respectfully request that this Court deny a final certification order under Rule 23(c).

11. **Alternatively**, if this Court grants final certification and approves the Settlement, I respectfully request that this Court first grant an additional opportunity for exclusion from the Class under Rule 23(e)(4).

RESPECTFULLY SUBMITTED this _____ day of December, 2010.


_____
Nathan Kassebaum, Class Member

COPIES MAILED this ___ day of December, 2010 to:


Clerk of the United States District Court
for the Northern District of California
San Jose Division
280 South 1ˢᵗ Street
San Jose, CA 95113

Class Counsel:
Gary Mason, Esq.
Mason LLP
1625 Massachusetts Ave., NW
Suite 605
Washington, DC 20036

Defense Counsel:
David J. Burman, Esq.
Perkins Coie LLP
1201 Third Avenue
Suite 4800
Seattle, WA 98101-3009


By: _____

///

///

///