Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Janine R. Menhennet (SBN 163501)
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Steven Cope

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE BUZZ USER PRIVACY LITIGATION<br><br>This Pleading Relates To:<br><br>ALL CASES | Case No. 5:10-CV-00672-JW<br><br>**SURRPELY SUPPORTING OBJECTION OF STEVEN COPE TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR**<br><br>Date:  February 7, 2011<br>Time:  9:00 a.m.<br>Place:  Courtroom 8<br>Judge:  Hon. James Ware |

Objector, STEVEN COPE, herein lodges his Surreply to Class Counsel's Reply to his Objection.

As a preliminary matter, Cope notes that only two, out of eight, of his objections were addressed by Class Counsel: that the cy pres recipient must be identified, and that Class Counsel obtained valuable relief for the class. Cope therefore posits that Class Counsel concedes the merits of the six other objections he made:

1.    That the tort is novel, untested, and uncertain, is perhaps better suited for a trial on the merits rather than settlement. *Castano v. American Tobacco Co.,* 84 F.3d 734 (5th Cir. 1996);

2.    That the settlement is premature as damages cannot clearly be determined at this early stage, precluding an honest assessment of the value of the settlement;

3. That there is a lack of adequate representation by Class Counsel, who, both in the motion for approval and in its Reply, assume that its class members have not been harmed because they have not lost money;

4. That there is no evidence supporting why the $8.5 million figure is fair or reasonable; Counsel merely asserts that it should take 25% of the common fund;

5. That the opt-out period is too short; and

6. That there is no evidence supporting the reasonableness of the attorneys' fees.

Conceding these points leads to the conclusion that Class Counsel has not met the parameters required in Rule 23 of superiority, adequate representation, and reasonableness. Other problems remain.

Class Counsel points out that "only" forty-seven people objected. This number far exceeds regular settlements in which there are typically less than ten objections filed. Most of the objections were filed in propria persona, indicating that ordinary class members are offended by the settlement, in addition to those objectors who engaged attorneys to prepare their objections. Class Counsel attempts to minimize the number by comparing it to the size of the class as a whole (an extraordinarily large class of 37 million). The fact remains, however, that forty-seven class members took time to read the settlement and write, and file, an objection.

One figure still undisclosed is the number of class members who opted-out. This information would be useful to the Court in determining the real fairness to the class. Objector Cope attempted to discover this number prior to filing his objection, and called the Administrator to find out. His calls were never returned. Moreover, after mentioning this in his objection, Class Counsel still has failed to inform the Court, or the class, how many opt-outs were received. This hearkens back to this Objector's suggestion that the opt-out period be extended. The thirty-day window provided in the settlement is uncommonly short and unfair to the class.

Of great concern to this Objector is the continued refusal of Class Counsel to acknowledge the harm done to the class members through this uninvited invasion of privacy. As mentioned in his Objection, Class Counsel assumes that the class was not harmed because they may have suffered no "out of pocket" damages. This is not what the harm is. The harm is in the invasion of privacy itself. Congress did not impose any monetary loss element upon the public to have standing to make a claim

under these wire tap and related statutes.  Further, there may be lost job opportunities or job terminations as a result of some of these unknown postings/followings.  There may be destroyed marriages, a figure virtually unquantifiable in terms of emotional and financial harm.  This lightning-quick settlement undermines the potential for harm that this program unleashed.  Yet still, in Class Counsel's reply, they again insist that the class members "have not suffered" because they may not have lost money.  This attitude is at odds with Class Counsel's duty to represent the interests of its class members, and destroys the element of adequacy of representation present in Rule 23.

Class Counsel makes much of the fact that it is the largest settlement "of its kind."  When compared to the length of existence of this type of remedy, a charity dedicated to informing the public about internet privacy, one realizes that this "kind" of remedy is a new breed, and there are not many others to which it can be compared.

Class Counsel attempts to distinguish *In re Compact Disc,* 370 F.Supp.2d 320 (D.Me. 2005), by stating that the parties did not name the recipients in the settlement, but worked it out with the court's assistance thereafter.  The fact remains that the parties had an affirmative duty to present the court with named cy pres beneficiaries so that the court could assess their relationship to the harms alleged in the complaint.  When this Court is assessing the reasonableness of this settlement, it must be provided with the identity of the beneficiaries.  This is especially important in this settlement, when the ONLY beneficiaries are the cy pres recipients and not any class members.  Class Counsel mentions that no objector identified any better cy pres recipient than Class Counsel did; however, Class Counsel identified no recipient itself.

Finally, as mentioned, Class Counsel never really provides justification for taking 25% of the common fund, when one compares $8.5 million to the $37 billion at stake.  The Court should strenuously examine the results obtained compared to the fee requested.  Class Counsel again admits that all substantive changes Google made were before suit was filed on February 17 (changes were made the week of February 13), and by April 5, months before the mediation occurred.  No further changes were made after mediation.  What, then, did counsel deliver to the class members as a result of mediation?  Education about a product which will not be changed.  This sounds like a hollow victory, one which calls into question the wisdom of awarding a 25% fee.

1  Finally, the Court has never been provided with any support for the $8.5 million *cy pres* fund, or why this is the appropriate amount. This objector has mentioned that perhaps discovery would be appropriate to determine what profits Google has made from advertisers supporting the Buzz program, to determine whether disgorgement would be a better measure of damages, or whether it bears any relation to the $8.5 million figure herein presented.

For these reasons, Objector Cope reasserts his objections to the Request for Final Approval and for Attorneys' Fees.

Dated:  February 4, 2011           By:  ___/s/ Darrell Palmer_____
                                          Darrell Palmer
                                          Attorney for Objector, Steven Cope

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2011, I electronically filed the foregoing **SURRPELY SUPPORTING OBJECTION OF STEVEN COPE TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

I certify that notice has been electronically mailed to the following participants in the case by the USDC CM/ECF system.

Albert Gidari , Jr    AGidari@perkinscoie.com, CAdler@perkinscoie.com
Christopher A. Seeger    cseeger@seegerweiss.com, Dmora@seegerweiss.com, jgrand@seegerweiss.com
Daniel A Osborn    dosborn@osbornlawpc.com, bcoleman@osbornlawpc.com, ecf@osbornlawpc.com
David Burman    dburman@perkinscoie.com
Donna F Solen    dsolen@masonlawdc.com, adicocco@masonlawdc.com, mdicocco@masonlawdc.com
Gary E. Mason    gmason@masonlawdc.com, adicocco@masonlawdc.com, mdicocco@masonlawdc.com, nmigliaccio@masonlawdc.com
Jeffrey Phillip Harris    jharris@statmanharris.com, lschutte@statmanharris.com
John William Davis    john@johnwdavis.com
Jonathan Shub    jshub@seegerweiss.com, kwickline@seegerweiss.com, lgriffith@seegerweiss.com
Jonathan P. Hayden    jonathan.hayden@lh-sf.com, davies@lh-sf.com, lucas@lh-sf.com
Joseph Darrell Palmer    darrell.palmer@cox.net, maria.carapia@palmerlegalteam.com
Marina Trubitsky    marina.trubitsky@lawcontact.com, denis.davydov@lawcontact.com
Martin Dante Murphy    martin@lmslaw.com
Michael D. Braun    service@braunlawgroup.com, clc@braunlawgroup.com
Michael Francis Ram    mram@ramolson.com, awilliams@ramolson.com
Peter W. Thomas    peter@thomasgenshaft.com
Philip A. Leider    pleider@perkinscoie.com, agidari@perkinscoie.com, cadler@perkinscoie.com, dburman@perkinscoie.com, docketsea@perkinscoie.com, docketsflit@perkinscoie.com, jmccluskey@perkinscoie.com, smerrill@perkinscoie.com
Reginald Von Terrell    reggiet2@aol.com
Susan D Fahringer    sfahringer@perkinscoie.com
Susan D. Fahringer    sfahringer@perkinscoie.com, docketsea@perkinscoie.com, rgregory@perkinscoie.com

**Notice has NOT been electronically mailed to and will be mailed to via U.S. Mail:**

Alan J. Statman
Statman Harris & Eyrich LLC
441 Vine St., Suite 3700 Carew Tower
Cincinnati, OH 45202

       ___/s/ Darrell Palmer_____
       Darrell Palmer, Attorney for Objector