– 1 –

Gary E. Mason (pro hac vice)
gmason@masonlawdc.com
Donna F. Solen (pro hac vice)
dsolen@masonlawdc.com
MASON LLP
1625 Massachusetts Ave., NW
Washington, DC  20036
Telephone:  (202) 429-2290
Facsimile:  (202) 429-2294

Michael F. Ram (SBN 104805)
mram@ramolson.com
RAM & OLSON LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Plaintiffs and the Proposed Class*

# THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE GOOGLE BUZZ USER PRIVACY LITIGATION<br><br>This Document Relates To:<br>ALL CASES | No.:  10-00672 JW<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES**<br><br>JUDGE:         Hon. James Ware<br>MEDIATOR:  Hon. Fern Smith (Ret.)<br><br>**Original Complaint Filed: 02/17/10** |

WHEREAS, the Plaintiffs Andranik Souvalian, Katherine C. Wagner, Mark Neyer, Barry Feldman, Rochelle Williams, John Case, and Lauren Maytin (collectively, "Plaintiffs") and Defendant Google Inc. (the "Defendant") have moved for an order granting final approval to this Class Action Settlement ("Settlement") which received preliminary approval on October 7, 2010;

WHEREAS, the Parties appeared by their attorneys of record at a fairness hearing on February 7, 2011, after an opportunity having been given to all Class Members to be heard in

accordance with the Court's Preliminary Approval Order, and having given due consideration to the Parties' Settlement Agreement, including all attached exhibits and related materials, the Motion, all other papers filed in support, all objections to the Settlement, the complete record of the case, the arguments at the February 7, 2011, hearing, and all other material relevant to this matter including the Affidavit of the Settlement Administrator;

WHEREAS, the Court has before it the parties' Motion for Order Granting Final Approval of Class Settlement, together with the Settlement Agreement and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant, assisted by a retired federal district judge with extensive class action experience.

IT IS HEREBY ORDERED THAT:

1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all terms as used in this Order shall have the meanings as set forth in the Settlement Agreement.

2.  For purposes of this litigation, the Court has subject matter and personal jurisdiction over the Parties, including all Class Members.

3.  The Settlement Agreement previously provided to the Court is adopted by the Court and made part of this Order as if set out in full herein.

4.  Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b) (3), the proposed Class is hereby certified for settlement purposes only. The Settlement Class is defined as follows:

> All Gmail users in the United States presented with the opportunity to use Google Buzz through the Notice Date. Excluded from the Class are: (1) Google, or any entity in which Google has a controlling interest, and its respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

5.  Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only,

//

– 2 –

Case No. 10-0672 JW – [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES

– 3 –

the Court makes the following findings of fact and conclusions of law:

        a.      The Settlement Class is sufficiently definite;

        b.      The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

        c.      There are questions of law and/or fact common within the Settlement Class;

        d.      Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

        e.      Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class;

        f.      Plaintiffs' interests do not conflict with the interests of the Settlement Class in the maintenance of this action;

        g.      The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual members of the Settlement Class; and

        h.      Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

6.     The Settlement Agreement and the terms contained therein are hereby approved as fair, reasonable, and adequate, and in the best interests of the class as a whole.

7.     Gary E. Mason, Mason LLP, is hereby confirmed as Lead Class Counsel.

8.     Michael F. Ram, Ram & Olson LLP, is hereby confirmed as Liaison Counsel.

9.     William B. Rubenstein, Peter N. Wasylyk, Andrew S. Kierstead, Peter W. Thomas, Thomas Genshaft, P.C.; Michael D. Braun, Braun Law Group, P.C.; Donald Amamgbo, Amamgbo & Associates; Reginald Terrell, The Terrell Law Group; Jonathan Shub, Shub Law LLC; Christopher A. Seeger, Seeger Weiss LLP; Lawrence Feldman, Lawrence E. Feldman & Associates; Eric Freed, Freed & Weiss LLC; and Howard G. Silverman, Kane & Silverman P.C., are hereby confirmed as Class Counsel.

10.     The Parties have provided notice in a manner consistent with the Order Granting Motion for Preliminary Approval of Class Action Settlement and as set forth in the Settlement

//

– 3 –

Case No. 10-0672 JW – [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES

1  Agreement. The notice, as implemented, met the requirements of due process and was the best
2  notice practicable under the circumstances. The notice was reasonably calculated, under the
3  circumstances, to apprise members of the Settlement Class of the pendency of the action, the terms
4  of the Settlement, and their right to appear, object to, or exclude themselves from the Settlement.
5  Further, the notice was reasonable and constituted due, adequate, and sufficient notice to all Persons
6  entitled to receive notice. The Defendant notified the appropriate federal and state officials pursuant
7  to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

8  11. Class Counsel retained The Garden City Group, Inc. to assist in disseminating Notice
9  in accordance with the terms of the Settlement Agreement and the Court's Order Granting Motion
10 for Preliminary Approval of Class Action Settlement. It is apparent from the Affidavit of Jennifer
11 M. Keough in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and the
12 Declaration of Susan Fahringer and Declaration of Brian Stoler that the Notice was properly
13 implemented and effective.

14 12. The Court has determined that full opportunity has been given to the members of the
15 Settlement Class to opt out of the Settlement, object to the terms of the Settlement or to Class
16 Counsel's request for attorneys' fees and expenses, and otherwise participate in the Final Approval
17 Hearing on February 7, 2011. The Court has considered all submissions and arguments provided by
18 Class Members objecting to the Settlement as well as Class Counsel's response to those objections
19 and has determined that none of the objections warrants disapproval of the Settlement Agreement
20 and/or Plaintiffs' request for attorneys' fees and expenses.

21 13. Following the February 7, 2011 Final Approval Hearing the Court issued an order on
22 February 16, 2011 directing the parties to solicit nominations from organizations interested in
23 receiving awards from the *cy pres* fund established by this Settlement and ordering Class Counsel to
24 consolidate the list and submit the *cy pres* organization and distribution amount nominations to this
25 Court before March 28, 2011. On March 25, 2011, Class Counsel reported to the Court that the
26 parties had received a total of 77 applications seeking more than $35 million altogether. Pursuant to
27 section 3.4 of the Settlement Agreement, counsel met and agreed to nominate a total of 12 groups for
28 //

– 4 –

Case No. 10-0672 JW – [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES

1  $6,065,000 of funding.  In accordance with the Court's February 16, 2011 order, Class Counsel
2  submitted these organization and distribution amount nominations to the Court on March 25, 2011.
3  Having reviewed Class Counsel's submission, the Court hereby approves the following list of
4  nominated organizations and amounts submitted by Class Counsel:

| | | |
|---|---|---|
| 1. | American Civil Liberties Union | $1,000,000 |
| 2. | Berkeley Center for Law & Technology | $200,000 |
| 3. | Berkeley Law School, Samuelson Law, Technology & Public Policy Clinic | $700,000 |
| 4. | Berkman Center for Internet & Society at Harvard University | $700,000 |
| 5. | Brookings Institution | $165,000 |
| 6. | Carnegie Mellon, CyLab Usability, Privacy & Security Lab | $350,000 |
| 7. | Center for Democracy & Technology | $500,000 |
| 8. | Electronic Frontier Foundation | $1,000,000 |
| 9. | Indiana University, Center for Applied Cybersecurity Research | $300,000 |
| 10. | Stanford, Center for Internet & Society | $600,000 |
| 11. | YMCA of Greater Long Beach | $500,000 |
| 12. | Youth Radio | $50,000 |

15       14.     The Court has carefully considered all the materials and arguments before it and has
16  made its independent judgment that (1) Plaintiffs and Class Members face significant risks if this
17  litigation were to proceed; (2) the possibility of a greater ultimate recovery is speculative and any
18  such recovery would only occur after considerable delay; (3) the terms of the Settlement provide
19  substantial and meaningful benefits to the Settlement Class; (4) the *cy pres* recipient organizations
20  will use the funds in a way that provides an indirect benefit to the class members consistent with the
21  class members' claims herein; (5) the Settlement is the product of meaningful investigation in the
22  facts and circumstances of the launch of Google Buzz; (6) the settlement negotiations were
23  extensive, arms-length, under the direction of the Hon. Fern Smith, and without any collusion; (7)
24  the reaction by the Settlement Class has been in favor of the Settlement; and (8) experienced Class
25  Counsel support the Settlement.  Accordingly, having considered the foregoing as well as the small
26  number of opt-outs and objections, the costs and risks and delays of continued litigation versus the
27  benefits provided by the Settlement, and based on this Court's knowledge of this action, the Court
28  //

– 5 –

Case No. 10-0672 JW – [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES

finds and concludes that the Settlement is in the best interests of the Class and is fair, reasonable, and adequate to all Class Members. The Court therefore enters judgment in accordance with the Settlement Agreement.

15. The Settlement and the terms of the Settlement Agreement are accordingly granted final approval and are confirmed as fair, reasonable and adequate and are binding upon all Class Members who have not timely opted-out.

16. The Parties are hereby directed to proceed with and complete implementation of the Settlement, including payment to the *cy pres* recipients pursuant to Section 3.4 of the Settlement Agreement.

17. The Court dismisses on the merits with prejudice all claims presently before it and orders the release of all Class Members' claims pursuant to Section 9 of the Settlement Agreement.

18. Those Class Members who requested exclusion and who are listed on Exhibit 1 to the Affidavit of the Class Action Administrator are hereby excluded from this Settlement.

19. The Court, having considered the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, hereby grants the request and awards Class Counsel attorneys' fees in the amount of $2,125,000. This amount was reasonable under both a common fund percentage analysis and a lodestar multiplier analysis. The Court also grants Class Counsel's request for expense reimbursement equal to the amount of their reasonable expenses incurred in prosecuting this action and in implementing this Settlement. The Court approves reimbursement of Class Counsel's expenses totaling $29,286.85, as submitted in December 2010, and orders Class Counsel to submit their final costs for Court approval within 30 days of the date of this Order. The Court also approves the requested incentive award of $2,500 for each Class Representative. All court-awarded fees, expenses, and reimbursements shall be paid out of the Common Fund. Any monies remaining in the Common Fund after the payment of all *cy pres* distribution, fees, and expenses shall be distributed, *pro rata*, among the *cy pres* recipient organizations.

20. All Parties are bound by this Final Order and Judgment and by the Settlement Agreement.

//

– 6 –

Case No. 10-0672 JW – [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES

– 7 –

21. Without affecting the finality of this Final Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the Parties and their counsel, including all Class Members and their counsel with respect to the execution, consummation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order, including the entry of any additional orders as may be necessary and appropriate relating to any and all issues including any appeals.

IT IS SO ORDERED.

Dated:

                          The Honorable James Ware
                          United States District Judge

– 7 –

Case No. 10-0672 JW – [PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES