Joshua R. Furman, Bar No. 225461
jrf@furmanlawyers.com
JOSHUA R. FURMAN LAW CORP.
9663 Santa Monica Boulevard, No. 721
Beverly Hills, California 90210
Telephone: (310) 809-3016
Facsimile: (310) 861-0449
*Attorney for Plaintiff-Objector,*
Jon M. Zimmerman

Jeffrey P. Harris
Alan J. Statman
STATMAN, HARRIS & EYRICH, LLC
3700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 621-2666
Facsimile: (513) 621-4896
*Attorneys for Plaintiff-Objector,*
Alison Jackson

Daniel A. Osborn, Bar No. 132472
OSBORN LAW, P.C.
295 Madison Avenue, 39th Floor
New York, New York 10017
Telephone: (212)725-9800
Facsimile: (212) 725-9808
*Attorney for Plaintiff-Objector,*
Tanya Rudgayzer

**FILED**

JUL 0 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE BUZZ USER
PRIVACY LITIGATION

Case No.: CV 10-00672 JW

[Hon. James Ware, Courtroom 8]

**NOTICE OF APPEAL**

**BY FAX**

1     TO THE COURT, ALL PARTIES, AND THEIR COUNSEL:

2     PLEASE TAKE NOTICE that Plaintiff-Objectors JON M. ZIMMERMAN,

3     ALISON JACKSON, and TANYA RUDGAYZER, by and through their

4     respective counsel above, appeal to the United States Court of Appeals for the

5     Ninth Circuit from the following final orders of the District Court:

6     Order Granting Final Approval of Class Action Settlement; Approval of

7     Granting Final Approval of Class Action Settlement; Approval of *Cy Pres*

8     Awards; and Awarding Attorney Fees, entered May 31, 2011 (attached hereto as

9     Exhibit A); and Amended Order Granting Final Approval of Class Action

10    Settlement; Approval of *Cy Pres* Awards; and Awarding Attorney Fees, entered

11    June 2, 2011 (attached hereto as Exhibit B).

12    ///

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1       Pursuant to Ninth Circuit Rule No. 3-2 and FRAP 12(b), Zimmerman,

2   Jackson, and Rudgayzer's Representation Statement is attached hereto as Exhibit

3   C.

4

5   Dated: June 30, 2011

                            JOSHUA R. FURMAN LAW CORP.

6

7                               By

8                                  Joshua R. Furman

                           *Attorney for Plaintiff-Objector,*

9                                Jon M. Zimmerman

10

11                  HARRIS, STATMAN & EYRICH, LLC

12                                            for

13                          By:

                              Jeffrey P. Harris

14                               Alan J. Statman

                          *Attorneys for Plaintiff-Objector,*

15                               Alison Jackson

16                        OSBORN LAW, PC

17

18                        By:                  for

19                             Daniel A. Osborn

                          *Attorneys for Plaintiff-Objector,*

20                             Tanya Rudgayzer

21

22

23

24

25

26

27

28

Notice of Appeal

# EXHIBIT A

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 SAN JOSE DIVISION

| | |
|---|---|
| 10  In re Google Buzz Privacy Litigation | NO. C 10-00672 JW |
| 11 | **ORDER GRANTING FINAL APPROVAL** |
| 12 | **OF CLASS ACTION SETTLEMENT;** **APPROVAL OF** *CY PRES* **AWARDS; AND** |
| 13 | **AWARDING ATTORNEY FEES** |
| 14  _____/ | |

15      Presently before the Court are the parties' Motion for Final Approval of Class Settlement[1]

16 and Plaintiffs' Motion for Attorney Fees.[2] Pursuant to the Order Preliminarily Approving Class

17 Action Settlement issued by the Court on October 7, 2010, Class Notice, including notice of the

18 Final Fairness Hearing, was sent to the Class.  On February 7, 2011, the Court conducted a hearing

19 on Final Approval of Class Settlement and Application for Attorney Fees and Costs.  Counsel for the

20 parties were present.

21      On February 16, 2011, following review of the papers regarding final approval and in

22 response to objections at the Hearing, the Court issued an Order Re. Nomination Process For *Cy*

23 *Pres* Recipients requiring modification of the *cy pres* nomination process to allow for additional

24 Court oversight.  (See Docket Item No. 117.)  The February 16 Order included the reservation that

25

26      [1] (See Notice of Motion and Memorandum in Support of Motion for Order Granting Final Approval of Class Settlement, Certifying Settlement Class, and Appointing Class Representatives

27 and Class Counsel, Docket Item No. 61.)

28      [2] (See Class Counsel's Application for Attorneys' Fees and Reimbursement of Expenses, Docket Item No. 65.)

United States District Court
For the Northern District of California

1   the Court may designate *cy pres* recipients and dispersal amounts on its own motion. (Id. at 2.) On

2   March 25, 2011, pursuant to the Court's February 16 Order, Plaintiffs' counsel submitted a list of *cy*

3   *pres* organizations and distribution amounts for Court approval. (See Docket Item No. 119.)

4       Certain organizations who had applied for a *cy pres* nomination and were not included on the

5   final list filed Objections regarding the proposed list of nominations and distribution amounts. (See

6   Docket Item Nos. 121, 122, 125.) In one of the Objections, the Electronic Privacy Information

7   Center ("EPIC"), on behalf of itself and a number of other organizations, contends that the objecting

8   organizations timely filed applications for consideration of a *cy pres* award, but were excluded from

9   the final list based on Class Counsel's bias towards distribution of *cy pres* funds to "organizations

10  that are currently paid by [Defendant] to lobby for or to consult for the company." (hereafter, "EPIC

11  Objection," Docket Item No. 121 at 2.) EPIC further contends that Class Counsel's bias toward

12  organizations favorable to Defendant has resulted in a proposed list of organizations that fails to

13  distribute the funds in accord with the legitimate objectives underlying the lawsuit, the interests of

14  class members and the interests of those similarly situated. (EPIC Objection at 3.)

15      Upon review, the Court finds that aside from a few necessary modifications, Class Counsel's

16  proposed nomination list adequately represents the interests of the Class and provides an effective

17  range of projects serving a large swath of populations and interests. Thus, the Court adopts Class

18  Counsel's nominated list with two modifications. First, the Court does not find good cause to

19  exclude EPIC from the list of recipients of the *cy pres* funds. EPIC has demonstrated that it is a

20  well-established and respected organization within the field of internet privacy and that it has

21  sufficiently outlined how the *cy pres* funding will be used to further the interests of the class.

22  Second, the Court also nominates the Markkula Center for Applied Ethics at Santa Clara University.

23  The Markkula Center is dedicated to research and dialogue on issues of practical ethics. The Center

24  has included internet privacy issues as one of the subjects it addresses, and is committed to

25  expanding this program using the *cy pres* funds.

26      Accordingly, based on the papers submitted to date and oral argument, the Court finds and

27  orders as follows:

28

United States District Court
For the Northern District of California

(1)     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms as used in this Order shall have the meaning as set forth in the Settlement Agreement.

(2)     For purposes of this litigation, the Court has subject matter and personal jurisdiction over the parties, including all Class Members.

(3)     The Settlement Agreement previously provided by the Court is adopted by the Court and made part of this Order as if set out in full herein.

(4)     Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the proposed Class is hereby certified for settlement purposes only.  The Settlement Class is defined as follows:

All Gmail users in the United States presented with the opportunity to use Google Buzz through the Notice Date.  Excluded from the Class are: (1) Google, or any entity in which Google has a controlling interest, and its respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

(5)     Pursuant to Fed. R. Civ. P. 23, and for purposes of settlement only, the Court makes the following findings of fact and conclusions of law:

(a)     The Settlement Class is sufficiently definite;

(b)     The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

(c)     There are questions of law and/or fact common within the Settlement Class;

(d)     Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

(e)     Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class;

(f)     Plaintiffs' interests do not conflict with the interests of the Settlement Class in the maintenance of this action;

3

United States District Court
For the Northern District of California

      (g)     The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual members of the Settlement Class; and

      (h)     Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

(6)    The Settlement Agreement and the terms contained therein are hereby approved as fair, reasonable, and adequate, and in the best interests of the Class as a whole.

(7)    Gary E. Mason, Mason LLP, is hereby confirmed as Lead Class Counsel.

(8)    Michael F. Ram, Ram & Olson LLP, is hereby confirmed as Liaison Counsel.

(9)    William B. Rubenstein, Peter N. Wasylyk, Andrew S. Kierstead, Peter W. Thomas, Thomas Genshaft, P.C.; Michael D. Braun, Braun Law Group, P.C.; Donald Amamgbo, Amamgbo & Associates; Reginald Terrell, the Terrell Law Group; Jonathan Shub, Shub Law LLC; Christopher A. Seeger, Seeger Weiss LLP; Lawrence Feldman, Lawrence E. Feldman & Associates; Eric Freed, Freed & Weiss LLC; and Howard G. Silverman, Kane & Silverman P.C., are hereby confirmed as Class Counsel.

(10)   The parties have provided notice in a manner consistent with the Order granting the parties' Motion for Preliminary Approval of Class Action Settlement and as set forth in the Settlement Agreement.  The notice, as implemented, met the requirements of due process and was the best notice practicable under the circumstances.  The notice was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the action, the terms of the Settlement, and their right to appear, object to, or exclude themselves from the Settlement.  Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.  The Defendant notified the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4

**United States District Court**
For the Northern District of California

1  (11)   Class Counsel retained The Garden City Group, Inc. to assist in disseminating Notice

2         in accordance with the terms of the Settlement Agreement and the Court's Order

3         granting the parties' Motion for Preliminary Approval of Class Action Settlement.  It

4         is apparent from the Affidavit of Jennifer M. Keough in Support of Plaintiffs' Motion

5         for Final Approval of Class Action Settlement, the Declaration of Susan Fahringer

6         and the Declaration of Brian Stoler that the Notice was properly implemented and

7         effective.

8  (12)   The Court has determined that full opportunity has been given to the members of the

9         Settlement Class to opt out of the Settlement, object to the terms of the Settlement or

10        Class Counsel's request for attorney fees and expenses, and otherwise participate in

11        the Final Approval Hearing on February 7, 2011.  The Court has considered all

12        submissions and arguments provided by Class Members objecting to the Settlement,

13        as well as Class Counsel's response to those Objections, and has determined that

14        none of the Objections warrants disapproval of the Settlement Agreement and/or

15        Plaintiffs' request for attorney fees and expenses.

16  (13)   Following the February 7, 2011 Final Approval Hearing, the Court issued an Order

17        on February 16, 2011 directing the parties to solicit nominations from organizations

18        interested in receiving awards from the *cy pres* fund established by this Settlement

19        and ordering Class Counsel to consolidate the list and submit *cy pres* organization

20        and distribution amount nominations to this Court before March 28, 2011.  On March

21        25, 2011, Class Counsel reported to the Court that the parties had received a total of

22        77 applications seeking more than $35 million altogether.  Pursuant to section 3.4 of

23        the Settlement Agreement, counsel met and agreed to nominate a total of 12 groups

24        for $6,065,000 of funding.  In accordance with the Court's February 16, 2011 Order,

25        Class Counsel submitted these organization and distribution amount nominations to

26        the Court on March 25, 2011.  Having reviewed Class Counsel's submission and the

27        Objections filed in response to the submission, the Court hereby approves the

28                                              5

1    following list of nominated organizations and amounts as submitted by Class

2    Counsel:

|     |                                                                      |             |
|-----|----------------------------------------------------------------------|-------------|
| (a) | American Civil Liberties Union                                       | $7,000,000  |
| (b) | Berkeley Center for Law & Technology                                 | $500,000    |
| (c) | Berkeley Law School, Samuelson Law, Technology & Public Policy Clinic | $200,000   |
| (d) | Berkman Center for Internet & Society at Harvard University          | $500,000    |
| (e) | Brookings Institution                                                | $165,000    |
| (f) | Carnegie Mellon, Cylab Usability, Privacy & Security Lab             | $350,000    |
| (g) | Center for Democracy & Technology                                    | $500,000    |
| (h) | Electronic Frontier Foundation                                       | $1,000,000  |
| (I) | Indiana University, Center for Applied Cybersecurity Research        | $300,000    |
| (j) | Stanford, Center for Internet & Society                              | $500,000    |
| (k) | YMCA of Greater Long Beach                                           | $300,000    |
| (l) | The Electronic Privacy Information Center                            | $500,000    |
| (m) | The Markkula Center for Applied Ethics Santa Clara University        | $500,000    |
| (n) | Youth Radio                                                          | $50,000     |

13    (14)   The Court has carefully considered all the materials and arguments before it and has

14    made its independent judgment that: (1) Plaintiffs and Class Members face significant

15    risks if this litigation were to proceed; (2) the possibility of a greater ultimate

16    recovery would only occur after considerable delay; (3) the terms of the Settlement

17    provide substantial and meaningful benefits to the Settlement Class; (4) the *cy pres*

18    recipient organizations will use the funds in a way that provides an indirect benefit to

19    the Class Members consistent with the Class Members' claims herein; (5) the

20    Settlement is the product of meaningful investigation in to the facts and

21    circumstances of the launch of Google Buzz; (6) the settlement negotiations were

22    extensive, arms-length, under the direction of the Hon. Fern Smith, and without any

23    collusion; (7) the reaction by the Settlement Class has been in favor of the

24    Settlement; and (8) Class Counsel support the Settlement. Accordingly, having

25    considered the foregoing as well as the small number of opt-outs and objections, the

26    costs and risks and delays of continued litigation versus the benefits provided by the

27    Settlement, and based on this Court's knowledge of this action, the Court finds and

28

United States District Court
For the Northern District of California

6

1         concludes that the Settlement is in the best interests of the Class and is fair,

2         reasonable and adequate to all Class Members.  The Court therefore enters Judgment

3         in accordance with the Settlement Agreement.

4   (15)    The Settlement and the terms of the Settlement Agreement are accordingly granted

5         final approval and are confirmed as fair, reasonable and adequate and are binding

6         upon all Class Members who have not timely opted-out.

7   (16)    The parties are hereby directed to proceed with and complete implementation of the

8         Settlement, including payment to the *cy pres* recipients pursuant to Section 3.4 of the

9         Settlement Agreement.

10   (17)    The Court dismisses on the merits with prejudice all claims presently before it and

11         orders the release of all Class Members' claims pursuant to Section 9 of the

12         Settlement Agreement.

13   (18)    Those Class Members who requested exclusion and who are listed on Exhibit 1 to the

14         Affidavit of the Class Action Administrator are hereby excluded from this Settlement.

15   (19)    The Court, having considered the request of Class Counsel for an award of attorney

16         fees and reimbursement of expenses, hereby grants the request and awards Class

17         Counsel attorney fees in the amount of $2,125,000.  This amount was reasonable

18         under both a common fund percentage analysis and a lodestar multiplier analysis.

19         The Court also grants Class Counsel's request for expense reimbursement equal to

20         the amount of their reasonable expenses incurred in prosecuting this action and in

21         implementing this Settlement.  The Court approves reimbursement of Class

22         Counsel's expenses totaling $29,286.85, as submitted in December 2010, and orders

23         Class Counsel to submit their final costs for Court approval within 30 days of this

24         Order.  The Court also approves the requested incentive award of $2,500 for each

25         Class Representative.  All court-awarded fees, expenses and reimbursements shall be

26         paid out of the Common Fund.  Any monies remaining in the Common Fund after the

27

28

**United States District Court**
For the Northern District of California

<div style="writing-mode: vertical;">**United States District Court**
For the Northern District of California</div>

1     payment of all *cy pres* distribution, fees and expenses shall be distributed, *pro rata*,

2     among the *cy pres* recipients.

3     (20)    All parties are bound by this Final Order and Judgment and by the Settlement

4     Agreement.

5     (21)    Without affecting the finality of the Final Order and Judgment, the Court reserves

6     continuing and exclusive jurisdiction over the parties and their counsel, including all

7     Class Members and their counsel with respect to the execution, consummation,

8     administration, implementation, effectuation and enforcement of the Settlement

9     Agreement and this Order, including the entry of any additional orders as may be

10    necessary and appropriate relating to any and all issues including any appeals.

11    The Clerk shall close this file.

12

13    Dated: May 31, 2011

14                                   JAMES WARE
                                   United States District Chief Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Albert  Gidari AGidari@perkinscoie.com
Christopher A. Seeger cseeger@seegerweiss.com
Daniel A Osborn dosborn@osbornlawpc.com
David  Burman dburman@perkinscoie.com
Donna F Solen dsolen@masonlawdc.com
Gary E. Mason gmason@masonlawdc.com
James Garrett Kendrick jgk@private-ag.com
Jeffrey Phillip Harris jharris@statmanharris.com
John William Davis john@johnwdavis.com
Jonathan  Shub jshub@seegerweiss.com
Jonathan P. Hayden jonathan.hayden@lh-sf.com
Joseph Darrell Palmer darrell.palmer@cox.net
Joshua Reuben Furman jrf@furmanlawyers.com
Marina  Trubitsky marina.trubitsky@lawcontact.com
Mark Andrew Chavez mark@chavezgertler.com
Martin Dante Murphy martin@lmslaw.com
Michael D. Braun service@braunlawgroup.com
Michael Francis Ram mram@ramolson.com
Peter W. Thomas peter@thomasgenshaft.com
Philip A. Leider pleider@chapop.com
Philip Scott Friedman psf@consumerlawhelp.com
Reginald Von Terrell reggiet2@aol.com
Susan D. Fahringer sfahringer@perkinscoie.com

**Dated:  May 31, 2011**

Richard W. Wieking, Clerk

By:    /s/ JW Chambers
Elizabeth Garcia
Courtroom Deputy

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re Google Buzz Privacy Litigation | NO. C 10-00672 JW |
| | **AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; APPROVAL OF *CY PRES* AWARDS; AND AWARDING ATTORNEY FEES** |

Presently before the Court are the parties' Motion for Final Approval of Class Settlement[1] and Plaintiffs' Motion for Attorney Fees.[2]  Pursuant to the Order Preliminarily Approving Class Action Settlement issued by the Court on October 7, 2010, Class Notice, including notice of the Final Fairness Hearing, was sent to the Class.  On February 7, 2011, the Court conducted a hearing on Final Approval of Class Settlement and Application for Attorney Fees and Costs.  Counsel for the parties were present.

On February 16, 2011, following review of the papers regarding final approval and in response to objections at the Hearing, the Court issued an Order Re. Nomination Process For *Cy Pres* Recipients requiring modification of the *cy pres* nomination process to allow for additional Court oversight.  (See Docket Item No. 117.)  The February 16 Order included the reservation that

---

[1] (See Notice of Motion and Memorandum in Support of Motion for Order Granting Final Approval of Class Settlement, Certifying Settlement Class, and Appointing Class Representatives and Class Counsel, Docket Item No. 61.)

[2] (See Class Counsel's Application for Attorneys' Fees and Reimbursement of Expenses, Docket Item No. 65.)

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    the Court may designate *cy pres* recipients and dispersal amounts on its own motion. (Id. at 2.) On

2    March 25, 2011, pursuant to the Court's February 16 Order, Plaintiffs' counsel submitted a list of *cy*

3    *pres* organizations and distribution amounts for Court approval. (See Docket Item No. 119.)

4         Certain organizations who had applied for a *cy pres* nomination and were not included on the

5    final list filed Objections regarding the proposed list of nominations and distribution amounts. (See

6    Docket Item Nos. 121, 122, 125.) In one of the Objections, the Electronic Privacy Information

7    Center ("EPIC"), on behalf of itself and a number of other organizations, contends that the objecting

8    organizations timely filed applications for consideration of a *cy pres* award, but were excluded from

9    the final list based on Class Counsel's bias towards distribution of *cy pres* funds to "organizations

10   that are currently paid by [Defendant] to lobby for or to consult for the company." (hereafter, "EPIC

11   Objection," Docket Item No. 121 at 2.) EPIC further contends that Class Counsel's bias toward

12   organizations favorable to Defendant has resulted in a proposed list of organizations that fails to

13   distribute the funds in accord with the legitimate objectives underlying the lawsuit, the interests of

14   class members and the interests of those similarly situated. (EPIC Objection at 3.)

15        Upon review, the Court finds that aside from a few necessary modifications, Class Counsel's

16   proposed nomination list adequately represents the interests of the Class and provides an effective

17   range of projects serving a large swath of populations and interests. Thus, the Court adopts Class

18   Counsel's nominated list with two modifications. First, the Court does not find good cause to

19   exclude EPIC from the list of recipients of the *cy pres* funds. EPIC has demonstrated that it is a

20   well-established and respected organization within the field of internet privacy and that it has

21   sufficiently outlined how the *cy pres* funding will be used to further the interests of the class.

22   Second, the Court also nominates the Markkula Center for Applied Ethics at Santa Clara University.

23   The Markkula Center is dedicated to research and dialogue on issues of practical ethics. The Center

24   has included internet privacy issues as one of the subjects it addresses, and is committed to

25   expanding this program using the *cy pres* funds.

26        Accordingly, based on the papers submitted to date and oral argument, the Court finds and

27   orders as follows:

28                                                    2

(1)     This Order incorporates by reference the definitions in the Settlement Agreement, and all terms as used in this Order shall have the meaning as set forth in the Settlement Agreement.

(2)     For purposes of this litigation, the Court has subject matter and personal jurisdiction over the parties, including all Class Members.

(3)     The Settlement Agreement previously provided by the Court is adopted by the Court and made part of this Order as if set out in full herein.

(4)     Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the proposed Class is hereby certified for settlement purposes only.  The Settlement Class is defined as follows:

> All Gmail users in the United States presented with the opportunity to use Google Buzz through the Notice Date.  Excluded from the Class are: (1) Google, or any entity in which Google has a controlling interest, and its respective legal representatives, officers, directors, employees, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's staff and immediate family; and (3) any person who, in accordance with the terms of this Agreement, properly executes and submits a timely request for exclusion from the Class.

(5)     Pursuant to Fed. R. Civ. P. 23, and for purposes of settlement only, the Court makes the following findings of fact and conclusions of law:

(a)     The Settlement Class is sufficiently definite;

(b)     The Settlement Class is so numerous that joinder of all members of the Settlement Class is impracticable;

(c)     There are questions of law and/or fact common within the Settlement Class;

(d)     Plaintiffs' claims are typical of the claims of the members of the Settlement Class;

(e)     Plaintiffs and their counsel have and will fairly and adequately represent and protect the interests of the Settlement Class;

(f)     Plaintiffs' interests do not conflict with the interests of the Settlement Class in the maintenance of this action;

**United States District Court**
For the Northern District of California

3

(g)    The questions of law and/or fact common to the Settlement Class predominate over the questions affecting only individual members of the Settlement Class; and

(h)    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

(6)    The Settlement Agreement and the terms contained therein are hereby approved as fair, reasonable, and adequate, and in the best interests of the Class as a whole.

(7)    Gary E. Mason, Mason LLP, is hereby confirmed as Lead Class Counsel.

(8)    Michael F. Ram, Ram & Olson LLP, is hereby confirmed as Liaison Counsel.

(9)    William B. Rubenstein, Peter N. Wasylyk, Andrew S. Kierstead, Peter W. Thomas, Thomas Genshaft, P.C.; Michael D. Braun, Braun Law Group, P.C.; Donald Amamgbo, Amamgbo & Associates; Reginald Terrell, the Terrell Law Group; Jonathan Shub, Shub Law LLC; Christopher A. Seeger, Seeger Weiss LLP; Lawrence Feldman, Lawrence E. Feldman & Associates; Eric Freed, Freed & Weiss LLC; and Howard G. Silverman, Kane & Silverman P.C., are hereby confirmed as Class Counsel.

(10)    The parties have provided notice in a manner consistent with the Order granting the parties' Motion for Preliminary Approval of Class Action Settlement and as set forth in the Settlement Agreement. The notice, as implemented, met the requirements of due process and was the best notice practicable under the circumstances. The notice was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the action, the terms of the Settlement, and their right to appear, object to, or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice. The Defendant notified the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4

United States District Court
For the Northern District of California

1    (11)   Class Counsel retained The Garden City Group, Inc. to assist in disseminating Notice

2          in accordance with the terms of the Settlement Agreement and the Court's Order

3          granting the parties' Motion for Preliminary Approval of Class Action Settlement. It

4          is apparent from the Affidavit of Jennifer M. Keough in Support of Plaintiffs' Motion

5          for Final Approval of Class Action Settlement, the Declaration of Susan Fahringer

6          and the Declaration of Brian Stoler that the Notice was properly implemented and

7          effective.

8    (12)   The Court has determined that full opportunity has been given to the members of the

9          Settlement Class to opt out of the Settlement, object to the terms of the Settlement or

10        Class Counsel's request for attorney fees and expenses, and otherwise participate in

11        the Final Approval Hearing on February 7, 2011. The Court has considered all

12        submissions and arguments provided by Class Members objecting to the Settlement,

13        as well as Class Counsel's response to those Objections, and has determined that

14        none of the Objections warrants disapproval of the Settlement Agreement and/or

15        Plaintiffs' request for attorney fees and expenses.

16    (13)   Following the February 7, 2011 Final Approval Hearing, the Court issued an Order

17        on February 16, 2011 directing the parties to solicit nominations from organizations

18        interested in receiving awards from the *cy pres* fund established by this Settlement

19        and ordering Class Counsel to consolidate the list and submit *cy pres* organization

20        and distribution amount nominations to this Court before March 28, 2011. On March

21        25, 2011, Class Counsel reported to the Court that the parties had received a total of

22        77 applications seeking more than $35 million altogether. Pursuant to section 3.4 of

23        the Settlement Agreement, counsel met and agreed to nominate a total of 12 groups

24        for $6,065,000 of funding. In accordance with the Court's February 16, 2011 Order,

25        Class Counsel submitted these organization and distribution amount nominations to

26        the Court on March 25, 2011. Having reviewed Class Counsel's submission and the

27        Objections filed in response to the submission, the Court hereby approves the

28

**United States District Court**
For the Northern District of California

1    following list of nominated organizations and amounts as submitted by Class

2    Counsel:

3         (a)   American Civil Liberties Union      $700,000
     (b)   Berkeley Center for Law & Technology    $500,000
4         (c)   Berkeley Law School, Samuelson Law,
           Technology & Public Policy Clinic     $200,000
5         (d)   Berkman Center for Internet &
           Society at Harvard University      $500,000
6         (e)   Brookings Institution          $165,000
     (f)   Carnegie Mellon, Cylab
7               Usability, Privacy & Security Lab     $350,000
     (g)   Center for Democracy & Technology   $500,000
8         (h)   Electronic Frontier Foundation     $1,000,000
     (I)   Indiana University, Center for
9               Applied Cybersecurity Research     $300,000
     (j)   Stanford, Center for Internet & Society  $500,000
10        (k)   YMCA of Greater Long Beach     $300,000
     (l)   The Electronic Privacy Information Center  $500,000
11        (m)   The Markkula Center for Applied Ethics
           Santa Clara University        $500,000
12        (n)   Youth Radio             $50,000

13   (14)   The Court has carefully considered all the materials and arguments before it and has

14   made its independent judgment that: (1) Plaintiffs and Class Members face significant

15   risks if this litigation were to proceed; (2) the possibility of a greater ultimate

16   recovery would only occur after considerable delay; (3) the terms of the Settlement

17   provide substantial and meaningful benefits to the Settlement Class; (4) the *cy pres*

18   recipient organizations will use the funds in a way that provides an indirect benefit to

19   the Class Members consistent with the Class Members' claims herein; (5) the

20   Settlement is the product of meaningful investigation in to the facts and

21   circumstances of the launch of Google Buzz; (6) the settlement negotiations were

22   extensive, arms-length, under the direction of the Hon. Fern Smith, and without any

23   collusion; (7) the reaction by the Settlement Class has been in favor of the

24   Settlement; and (8) Class Counsel support the Settlement.  Accordingly, having

25   considered the foregoing as well as the small number of opt-outs and objections, the

26   costs and risks and delays of continued litigation versus the benefits provided by the

27   Settlement, and based on this Court's knowledge of this action, the Court finds and

28

**United States District Court**
For the Northern District of California

1    concludes that the Settlement is in the best interests of the Class and is fair,

2    reasonable and adequate to all Class Members.  The Court therefore enters Judgment

3    in accordance with the Settlement Agreement.

4    (15)   The Settlement and the terms of the Settlement Agreement are accordingly granted

5    final approval and are confirmed as fair, reasonable and adequate and are binding

6    upon all Class Members who have not timely opted-out.

7    (16)   The parties are hereby directed to proceed with and complete implementation of the

8    Settlement, including payment to the *cy pres* recipients pursuant to Section 3.4 of the

9    Settlement Agreement.

10   (17)   The Court dismisses on the merits with prejudice all claims presently before it and

11   orders the release of all Class Members' claims pursuant to Section 9 of the

12   Settlement Agreement.

13   (18)   Those Class Members who requested exclusion and who are listed on Exhibit 1 to the

14   Affidavit of the Class Action Administrator are hereby excluded from this Settlement.

15   (19)   The Court, having considered the request of Class Counsel for an award of attorney

16   fees and reimbursement of expenses, hereby grants the request and awards Class

17   Counsel attorney fees in the amount of $2,125,000.  This amount was reasonable

18   under both a common fund percentage analysis and a lodestar multiplier analysis.

19   The Court also grants Class Counsel's request for expense reimbursement equal to

20   the amount of their reasonable expenses incurred in prosecuting this action and in

21   implementing this Settlement.  The Court approves reimbursement of Class

22   Counsel's expenses totaling $29,286.85, as submitted in December 2010, and orders

23   Class Counsel to submit their final costs for Court approval within 30 days of this

24   Order.  The Court also approves the requested incentive award of $2,500 for each

25   Class Representative.  All court-awarded fees, expenses and reimbursements shall be

26   paid out of the Common Fund.  Any monies remaining in the Common Fund after the

27

28

7

1               payment of all *cy pres* distribution, fees and expenses shall be distributed, *pro rata*,

2               among the *cy pres* recipients.

3      (20)     All parties are bound by this Final Order and Judgment and by the Settlement

4               Agreement.

5      (21)     Without affecting the finality of the Final Order and Judgment, the Court reserves

6               continuing and exclusive jurisdiction over the parties and their counsel, including all

7               Class Members and their counsel with respect to the execution, consummation,

8               administration, implementation, effectuation and enforcement of the Settlement

9               Agreement and this Order, including the entry of any additional orders as may be

10              necessary and appropriate relating to any and all issues including any appeals.

11     The Clerk shall close this file.

12

13    Dated:  June 2, 2011

*James Ware*

14                                        JAMES WARE
                                           United States District Chief Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Vertical left margin:* **United States District Court** For the Northern District of California

8

United States District Court
For the Northern District of California

1  THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

2  Albert  Gidari AGidari@perkinscoie.com
   Christopher A. Seeger cseeger@seegerweiss.com
3  Daniel A Osborn dosborn@osbornlawpc.com
   David  Burman dburman@perkinscoie.com
4  Donna F Solen dsolen@masonlawdc.com
   Gary E. Mason gmason@masonlawdc.com
5  James Garrett Kendrick jgk@private-ag.com
   Jeffrey Phillip Harris jharris@statmanharris.com
6  John William Davis john@johnwdavis.com
   Jonathan  Shub jshub@seegerweiss.com
7  Jonathan P. Hayden jonathan.hayden@lh-sf.com
   Joseph Darrell Palmer darrell.palmer@cox.net
8  Joshua Reuben Furman jrf@furmanlawyers.com
   Marina  Trubitsky marina.trubitsky@lawcontact.com
9  Mark Andrew Chavez mark@chavezgertler.com
   Martin Dante Murphy martin@lmslaw.com
10 Michael D. Braun service@braunlawgroup.com
   Michael Francis Ram mram@ramolson.com
11 Peter W. Thomas peter@thomasgenshaft.com
   Philip A. Leider pleider@chapop.com
12 Philip Scott Friedman psf@consumerlawhelp.com
   Reginald Von Terrell reggiet2@aol.com
13 Susan D. Fahringer sfahringer@perkinscoie.com

14
   Dated: June 2, 2011                        Richard W. Wieking, Clerk
15

16                              By:___/s/ JW Chambers____
17                                 Elizabeth Garcia
                                   Courtroom Deputy
18

# EXHIBIT C

1

## REPRESENTATION STATEMENT AND SERVICE LIST

2

3      Pursuant to Ninth Circuit Rule No. 3-2 and FRAP 12(b), Plaintiff-Objectors

4   JON M. ZIMMERMAN, ALISON JACKSON, and TANYA RUDGAYZER state

5   the following counsel represent the following parties and/or are *Pro Se* litigants as

6   stated herein:

7

8   Gary E. Mason, Esq.                    Lead Class Counsel
    MASON LLP
9   1625 Massachusetts Avenue, N.W.,
    Suite 605
10  Washington, DC 20036
    (202) 429-2290
11  gmason@masonlawdc.com

12

13  Michael Francis Ram, Esq.              Liaison Counsel
    RAM, OLSON, CEREGHINO &
14  KOPCZYNSKI LLP
    555 Montgomery Street
15  Suite 820
16  San Francisco, CA 94111
    (415) 433-4949
17  mram@ramolson.com

18

19  Michael D. Braun, Esq.                 Class Counsel
    BRAUN LAW GROUP, P.C.
20  10680 West Pico Boulevard, Suite 280
21  Los Angeles, CA 90064
    (310) 836-6000
22  service@braunlawgroup.com

23

24  Christopher A. Seeger, Esq.
    SEEGER WEISS LLP
25  One William Street
    New York, NY 10004
26  (212) 584-0700
27  cseeger@seegerweiss.com

28

1

2   Jonathan Shub, Esq.
    SEEGER WEISS LLP
3   1515 Market Street
    Suite 1380
4   Philadelphia, PA 19102
5   (215) 564-2300
    jshub@seegerweiss.com
6

7   Reginald Von Terrell, Esq.
    THE TERRELL LAW GROUP
8   Post Office Box 13315, PMB #148
9   Oakland, CA 94661
    (510) 237-9700
10  reggiet2@aol.com

11
    Peter W. Thomas, Esq.
12  THOMAS GENSHAFT P.C.
13  0039 Boomerang Road, Suite 8130
    Aspen, CO 81611
14  (970) 544-5900
15  peter@thomasgenshaft.com

16  David Burman, Esq.                    Attorneys for Defendant GOOGLE,
17  PERKINS COIE LLP                      INC.
    1201 Third Avenue
18  Suite 4800
19  Seattle, WA 98101
    (206) 583-8888
20  dburman@perkinscoie.com

21
    Darrell Palmer, Esq.                  Attorneys for Steven Cope
22  LAW OFFICES OF DARRELL
23  PALMER
    603 North Highway 101, Ste. A
24  Solano Beach, CA 92075
25  (858) 792-5600
    Darrell.Palmer@cox.net
26

27

28

1

2   John W. Davis, Esq.                        Attorneys for Megan Marek
    Law Office of John W. Davis
3   501 W. Broadway, Suite 800
    San Diego, CA 92101
4   (619) 400-4870
5   john@johnwdavis.com

6   J. Garrett Kendrick, Esq.
7   KENDRICK & NUTLEY
    1055 E. Colorado Blvd., 5th Floor
8   Pasadena, CA 91106
9   (626) 204-4060
    nutley@zenlaw.com
10

11  Martin Dante Murphy                        Attorneys for Kervin Walsh
    LIUZZI, MURPHY & SOLOMON,
12  LLP
13  90 New Montgomery St.
    Suite 900
14  San Francisco, CA 94105
15  (415) 543-5050
    martin@lmslaw.com
16

17  Philip Scott Friedman, Esq.                Attorneys for Electronic Privacy
    Attorney at Law                            Information Center
18  2401 Pennsylvania Ave., N.W.
19  Suite 410
    Washington, DC 20037
20  (202) 293-4175
21  psf@consumerlawhelp.com

22  Marina Trubitsky                           Attorneys for Oleg Aronov
    Law Office of Marina Trubitsky
23  11 Broadway
24  Suite 861
    New York, NY 10004
25  (212) 732-7707
26  marina.trubitsky@lawcontact.com

27

28

| | | |
|---|---|---|
| 1 | Joshua R. Furman, Esq. | Attorneys for Jon M. Zimmerman |
| 2 | JOSHUA R. FURMAN LAW | |
| 3 | CORPORATION | |
| | 9663 Santa Monica Boulevard, No. | |
| 4 | 721 | |
| 5 | Beverly Hills, CA 90210 | |
| | (310) 809-3016 | |
| 6 | jrf@furmanlawyers.com | |
| 7 | Jeffrey Phillip Harris, Esq. | Attorneys for Alison Jackson |
| 8 | STATMAN, HARRIS & EYRICH, | |
| | LLC | |
| 9 | 441 Vine Street | |
| 10 | 3700 Carew Tower | |
| | Cincinnati, OH 45202 | |
| 11 | (513) 621-2666 | |
| 12 | jharris@statmanharris.com | |
| 13 | Daniel A Osborn, Esq. | Attorneys for Tanya Rudgayzer |
| 14 | Osborn Law, P.C. | |
| 15 | 295 Madison Avenue, 39th Floor | |
| | New York, NY 10175 | |
| 16 | (212) 725-9800 | |
| 17 | dosborn@osbornlawpc.com | |
| 18 | /// | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

4

Representation Statement

Dated:  June 30, 2011

JOSHUA R. FURMAN LAW CORP.

By: _____

Joshua R. Furman

*Attorney for Plaintiff-Objector,*
Jon M. Zimmerman

HARRIS, STATMAN & EYRICH, LLC

By: _____

Jeffrey P. Harris
Alan J. Statman

*Attorneys for Plaintiff-Objector,*
Alison Jackson

OSBORN LAW, PC

By: _____

Daniel A. Osborn

*Attorneys for Plaintiff-Objector,*
Tanya Rudgayzer